In re ENGRA, INC., Debtor.

Morris I. GABEL, Plaintiff,

v.

ENGRA, INC., Fred Ricketts and W.R. Wilson, Defendants.

ENGRA, INC., Plaintiff,

v.

Morris I. GABEL, et al., Defendants.

Bankruptcy No. 3870–3302–HCA–7. Adv. Nos. 87–0984, 87–0986.

United States District Court, S.D. Texas, Houston Division.

April 12, 1988.

J. Christopher Reynolds, Gibbs & Ratliff, Houston, Tex., for Morris I. Gabel.

Van McFarland, Houston, Tex., for Engra, Inc., Fred Ricketts, Bob Wilson.

Larry S. York, Baker & Botts, William E. Wright, Houston, Tex., for Ernst & Whinney, John Royer, Edward Paluga.

## ORDER

SINGLETON, District Judge.

Based on the foregoing Report and Recommendation of the Bankruptcy Court on the Motion for Abstention and Remand, the District Court holds that abstention is appropriate and therefore orders that the above referenced adversary proceeding is hereby DISMISSED.

## REPORT AND RECOMMENDATIONS TO DISTRICT COURT ON MOTIONS FOR ABSTENTION AND REMAND OF THE ABOVE ADVERSARY PROCEEDINGS

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter comes before me upon motions filed in separate but related adversary proceedings commenced elsewhere but removed by debtor to the bankruptcy court. Adversary proceeding 87–0984, styled *Morris I. Gabel v. Engra, Inc., Fred Ricketts and W.R. Wilson,* ("the state court lawsuit" or *"Gabel v. Engra"*) was pending before the 133rd Judicial District Court of Harris County, Texas prior to its removal. Adversary proceeding 87–0986, styled *Engra Inc. v. Morris I. Gabel v. John Royer and Ernst & Whinney,* ("the federal court lawsuit" or *"Engra v. Gabel"*) was pending before the United States District Court for the Southern District of Texas prior to its removal. In both these adversary proceedings as well as a third related adversary proceeding, Engra, Inc. ("Engra"), moved to substantively consolidate and transfer

the proceedings to the Northern District of Texas where the Chapter 7 bankruptcy case is pending.[1] Opposing parties objected, and with respect to the state court lawsuit, Gabel moved to mandatorily abstain and to remand. With respect to the federal court lawsuit, Gabel moved to remand or, in the alternative, to withdraw reference from the bankruptcy court.

Pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the Order of Reference of Bankruptcy Cases and Proceedings entered by the district court nunc pro tunc, I have jurisdiction to initially evaluate the merits of a motion for abstention in accordance with Bankruptcy Rule 5011(b). Pursuant to Bankruptcy Rule 9027(e), I am similarly empowered to initially evaluate the merits of a motion for remand. Under Bankruptcy Rule 5011(a) and Miscellaneous Local Rule 14, however, a motion for withdrawal must be heard by a district judge.[2] I will therefore confine my recommendations to the merits of the motion to abstain and remand the state court lawsuit and the motion to remand the federal court lawsuit.

Having considered the merits of the above motions, my recommendations to the district court are the following:

1. As to the state court proceeding, styled *Gabel v. Engra, Inc.,* Adversary No. 87–0984, that the proceeding be either mandatorily or permissibly abstained from and/or remanded to the 133rd Judicial District Court of Harris County Texas;

2. As to the federal court proceeding, styled *Engra, Inc. vs. Gabel,* Adversary No. 87–0986, that the proceeding be remanded to the United States District Court for the Southern District of Texas, Houston Division.

---

1. This third related adversary proceeding styled *Engra, Inc. v. Ernst & Whinney,* adversary number 87–0985, was the subject of an earlier report and recommendation to the district court on the issue of abstention. In that report, I recommended that the district court mandatorily abstain and remand that proceeding back to state court.

2. Miscellaneous Rule 14 titled Motion by a Party to Withdraw Reference, states in part the following: "A motion by a party to withdraw

reference ... shall be filed with the Clerk of the Bankruptcy Court and forthwith transmitted to the District Court for consideration." Rule 5011(a) of the Bankruptcy Rules, which states that "[a] motion for withdrawal of a case or proceeding shall be heard by a district judge", supports my decision not to address the withdrawal of reference matter in this report and recommendation, especially when compared to Rule 5011(b)'s mandate that I file a report and recommendation on a motion to abstain.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Both the federal and state court lawsuits arise from essentially the same transaction. In 1982 Engra was formed to acquire Engineered Grating Inc. ("EGI") through the sale of all of the stock of EGI to Engra. The principal players behind the corporate forms are Morris Gabel, who sold the EGI stock to Engra, and Fred Ricketts and W. Robert Wilson, who formed Engra and remain its sole shareholders, directors, and officers. Both the federal court lawsuit and the state court lawsuit were commenced prior to debtor filing for Chapter 7 relief in the Northern District of Texas on June 19, 1987. The state court lawsuit, filed on April 18, 1986, involves an action by Gabel against Engra to recover damages in the amount of $120,000 for the alleged breach by defendants of a promissory note and a noncompetition agreement. Gabel also seeks to recover against Wilson and Ricketts, individually on an alter ego theory. Wilson and Ricketts counterclaimed against Gabel alleging federal security law violations and fraud.

Prior to its removal, the state court lawsuit was pending in Texas District Court for over one year. The state court has conducted numerous pretrial hearings; discovery is virtually complete, and a motion for partial summary judgment against Engra has been heard. The motion for partial summary judgment resulted from admissions deemed admitted by operation of law because Engra failed to object to a request for admissions. When Engra moved for withdrawal of the admissions, the state court on June 19, 1987, commenced an evidentary hearing where it ordered that such admissions would be withdrawn only upon the payment of $75,000. This payment represented compensation for the prejudice Gabel would suffer by the withdrawal of the admissions. The order provided that the admissions would stand unless Engra, Ricketts and Wilson tendered the payment within five days. On the afternoon that the order was signed, Engra filed for bankruptcy in the Northern District of Texas, Dallas Division, effecting an automatic stay of the state court proceeding pursuant to 11 U.S.C. 362(a). The state court law suit was subsequently removed to the bankruptcy court on September 17, 1987.

The federal court lawsuit was commenced in the United States District Court for the Northern District of Texas, Dallas Division on May 22, 1984. The case was transferred to the United States District Court for the Southern District of Texas, Houston Division, on May 31, 1984. In the federal court lawsuit, Engra seeks damages based upon alleged violations of Rule 10B-5 of the federal securities laws, violations of state securities laws, fraud and breach of contract. The defendant Gabel filed a third party complaint against John Royer and Ernst & Whinney which was disposed of on summary judgment. The district court has under advisement Gabel's motion for reconsideration of the summary judgment. The district court has also conducted numerous pretrial hearings, heard many motions and issued several rulings over the past three and one half years. All parties to the federal lawsuit have demanded a jury trial.

On September 17, 1987, Engra filed an application for removal of the federal court lawsuit to the bankruptcy court. The proceeding was originally assigned to another judge but transferred to me so that I might consider the related issues relevant to all three adversary proceedings. On November 9, 1987, the district court judge assigned to the case held a status conference to determine the effect of Engra's bankruptcy on the case before him, in light of the automatic stay of 11 U.S.C. § 362. Apparently at this hearing and subsequently in letter briefs to the district judge the propriety of removal of the federal court lawsuit was raised as well as the merits of consolidating and transferring all three proceedings to the Northern District. The district court's docket sheet does not reflect that a proper motion was filed as to these matters, only that the automatic stay was determined not to apply. Since all three cases were removed to bankruptcy court before a proper motion was filed with the district court, the motions of all parties

are properly before me and ripe for determination.

## II. DISCUSSION OF MOTIONS RELEVANT TO THE STATE COURT LAWSUIT

### A. The Appropriateness of Removal

■ Although counsel for the debtor has urged me to first consider its motion to consolidate the remaining two proceedings and transfer them to the Northern District of Texas, I find that a determination of whether this proceeding is properly before me must be made first.[3] Although no bankruptcy case has been filed in this district, I hold that removal is nevertheless proper.

28 U.S.C. § 1452(a) allows removal only "to the district court for the district where such civil action is pending if such district has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. 1334 does not limit jurisdiction over all matters pertaining to a bankruptcy case or proceeding to the district court where the case was filed. A careful reading of section 1334 demonstrates that Congress considered the situations in which the "home court" should have exclusive jurisdiction and when such jurisdiction should be coextensive.[4] Section 1409 supports this proposition in that venue of bankruptcy proceedings is proper in district courts other than where the case is pending. In certain adversary proceedings, under section 1409(b) venue is only proper in the district where the defendant resides irrespective of where the bankruptcy case was filed.

Section 1409 only relates to proper venue of the commencement of a bankruptcy proceeding, but nonetheless buttresses my contention that jurisdiction over removal of a state court proceeding is not limited to the district court where the main case was filed. If removal were jurisdictionally appropriate only to the district where the debtor filed for bankruptcy, removal of proceedings pending in other districts with an eye towards transferring the removed proceeding to the district where the bankruptcy was filed would not be possible since removal under section 1452(a) is permissible only to the district where the action is pending. Such a result would be at odds with the aim of section 1452 of providing a procedural vehicle whereby a bankruptcy court can determine whether a proceeding should be heard by the bankruptcy court or should be remanded to the court from which it was removed.

### B. Mandatory Abstention

Although removal of the state court lawsuit was proper, under section 1334(c)(2) I recommend the district court abstain. Section 1334(c)(2) is mandatory and thereby precludes reaching the merits of the motion to consolidate and transfer as that motion relates to this proceeding. 28 U.S.C. § 1334(c)(2).

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, relating to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11 with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

---

3. The parties opposed to the motion to consolidate and transfer these proceedings have raised the issue of debtor's standing to assert these motions on behalf of the Chapter 7 trustee. A review of the pleadings demonstrates that although counsel for debtor drafted and filed the applications for removal, the trustee signed each application for removal. I am satisfied that the trustee concurs with counsel for Engra, Wilson and Ricketts in the motions filed on behalf of the trustee. Apparently the trustee is seeking permission of the bankruptcy court for the Northern District to employ counsel for Engra, Ricketts, and Wilson as counsel for the trustee.

4. Compare § 1334(a) and (b) which uses the plural form, district courts, with § 1334(d) which grants exclusive jurisdiction over property of the estate and property of the debtor to the district court where the case is commenced or is pending.

Based on the language of this provision, if the following six requirements are satisfied, the district court must abstain:

(1) A party to the proceeding must file a timely motion to abstain;

(2) The proceeding is based on a state law claim;

(3) The proceeding is a "related to" proceeding;

(4) There is no basis for federal court jurisdiction other than section 1334;

(5) An action is pending in state court; and

(6) The state court action can be timely adjudicated.

■ The first requirement is satisfied in that Gabel has moved for mandatory abstention pursuant to section 1334(c)(2). This proceeding is clearly a "related to" or noncore proceeding as defined by the Fifth Circuit. *See, Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987). Extensive discovery and other pretrial matters have been completed and the case after a year's pendency appears ready for trial in state court. Consequently, I find that once the stay is lifted this action can be timely adjudicated in state court.

Satisfaction of two of the requirements for mandatory abstention trouble me. Since the case involves a counterclaim alleging violations of federal securities laws, there is an issue as to whether the proceeding is based on a state law claim. Counsel for debtor did not raise the argument orally or by brief, but the statute nonetheless makes this requirement a prerequisite for mandatory abstention. Plaintiff's claim is, however, based totally on state law. Defendants' counterclaim only alleges in part a legal theory for relief premised on federal law. Defendants' counterclaim also is premised on state law. At no time during the pendency of the state court lawsuit did defendants seek to remove to federal district court on the basis that the proceeding presented a substantial federal question. I am therefore persuaded that this proceeding is based substantially on state law, and this fact satisfies the requirement of statute.

My second concern also relates to the presence of a federal issue in defendants' counterclaim. The question is whether the federal issue provides an alternative basis for federal court jurisdiction other than section 1334. If so, mandatory abstention is inappropriate. The presence of the counterclaim does not provide an independent basis for federal jurisdiction. The defendants have not offered any evidence that their counterclaim presents an independent jurisdictional basis other than section 1334 for defeating a motion to mandatorily abstain. The only conclusion to be drawn is that their counterclaim failed to present a substantial federal question.

### C. Permissive Abstention

■ In view of the above limitations in demonstrating that the state court lawsuit falls squarely within the control of section 1334(c)(2), I also hold that this adversary proceeding should be permissibly abstained from. 28 U.S.C. § 1334(c)(1) states the following:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

In a recent opinion I outlined my views on the scope of permissive abstention and the factors I weigh in making my recommendation to the district court. *See Republic Reader's Service, Inc. v. Magazine Service Bureau, (In re Republic Reader's Service, Inc.)*, 81 B.R. 422 (Bankr.S.D.Tex.1987). Several of the factors I enumerated as pertinent to permissive abstention were drawn from section 1334(c)(2). The factors outlined in section 1334(c)(2), if not wholly satisfied, do afford a strong basis for permissive abstention. State law issues clearly predominate, and the degree of relatedness the state court lawsuit has to issues relevant to the Chapter 7 bankruptcy is remote. The state court is familiar with the facts and legal issues presented by the case, and the legal issues substantially involve state law. Delay weighs heavily in favor of abstaining from this proceeding

since the state court is better positioned to proceed to trial on the merits. The proceeding can not only be timely adjudicated in state court, but also probably adjudicated well before I could hear the matter. Moreover, since the proceeding is noncore, further delay will result if the dispute is resolved by a bankruptcy court in that the district court will have to review the decision de novo. *See,* 28 U.S.C. § 157(c)(1).

Another factor militating in favor of permissive abstention is my suspicion that the defendants are merely seeking another forum in which to litigate this action. The filing of the bankruptcy petition on the same day that the state court ordered that admissions unfavorable to defendants would be deemed admitted unless they posted a sizable payment lends credence to plaintiff's claim of forum shopping. Another factor favoring abstention is the presence of nondebtor parties in this proceeding. Finally, since the property of the estate is comprised solely of these two lawsuits, (as well as the lawsuit in which I previously entered a recommendation in support of abstention) I do not foresee any problems posed as to the efficient administration of the estate by allowing each to proceed to judgment. Nothing would be gained in the efficient administration of the estate by disrupting the parties choice of forums at this late date. Any efficiency gained through consolidation and transfer, were I to reach that issue, would be lost in that the bankruptcy court or district court would not be prepared to hear these adversaries for some time. Given the above, I believe it appropriate to recommend to the district court that it permissibly abstain from the state court lawsuit.

### D. Remand

■ Alternatively or conjunctively with my recommendation for abstention, I also recommend that the state court lawsuit be remanded back to state court. Pursuant to 28 U.S.C. § 1452(b) a state court lawsuit which has been removed to bankruptcy court may be remanded on any equitable grounds. A considerable overlap exists between the factors appropriate to abstention and those appropriate to remand. *See, Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984); *Baren v. Devon Bank (In re Baren),* 47 B.R. 39 (Bankr.N.D.Ill.1984). The state court lawsuit involves predominately state law claims and has been pending in state court for over a year. The state court is better able to adjudicate state law questions than the bankruptcy court, and comity considerations exist owning to the extent of the state court's prior rulings in the case. Prejudice to the involuntarily removed party is obvious given the delay which would result from not remanding this proceeding and the potential circumvention of prior rulings by the state court. The proceeding is a noncore proceeding which involves no issues peculiar to bankruptcy law and does involve adjudication of rights between nondebtor parties. The fact that I cannot finally determine the disputes among the parties and instead must submit to the district court my findings of facts and conclusions of law for de novo review adds to the delay and prejudice to the party objecting to removal. I therefore recommend alternatively or conjunctively with abstention that the district court remand this proceeding back to state court.

### III. DISCUSSION OF MOTIONS RELEVANT TO THE FEDERAL COURT LAWSUIT

#### A. The Propriety of Removal

■ The question has been raised as to whether removal of a proceeding pending in federal district court to the bankruptcy court is proper.[5] The title of Chapter 89, DISTRICT COURTS; REMOVAL OF

---

**5.** The issue has been raised as to whether this proceeding was in fact an improper reference of the federal court lawsuit rather than a removal of the proceeding. Under the Order of Reference entered by the district court, reference of proceedings arising under Title 11 or arising in or related to a case under Title 11 is automatic once invoked by a proper party to the bankrupt-

cy. Since this proceeding is related to a case under Title 11, once debtor filed an application to remove from federal court the removed case was automatically placed with the bankruptcy court in the same manner that reference of a removed proceeding from state court is automatically placed with the bankruptcy court.

CASES FROM STATE COURTS, suggests that removal from federal district court to bankruptcy court is improper. The immediate sections which follow this designation, however, govern removal to federal district court under nonbankruptcy jurisdiction where the issue of removal of a federal court proceeding to another federal court never arises. *See* 28 U.S.C. §§ 1441–1452. Section 1441, the general removal provision, specifically limits removal to cases pending in state court; Section 1452, on the other hand, does not by its language limit removal to state court proceedings:

> A party may remove *any claim or cause of action other than a proceeding before the United States Tax Court* or a civil action to enforce such governmental unit's police or regulatory power *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. (Emphasis supplied).

The language "any claim or cause of action" when compared with the language of section 1441 supports the contention that removal from federal district court to bankruptcy court is an appropriate procedural device. Moreover, its clear that Congress considered removal inappropriate from one federal court, namely the United States Tax Court, which suggests that removal from other federal courts is not improper.

Since a party must remove "to the district court for the district where such civil action is pending," if a party removed an action from federal district court to bankruptcy court the removed proceeding would appear to end up where it started. Despite the appearance of a procedural boomerang, when a party files an application for removal, although technically the proceeding is removed to the district court, the reference of proceedings related to a bankruptcy case is invoked, and the proceeding is at least in this district *automatically* referred to the bankruptcy court. The forerunner to section 1452(a) did not lead to the appearance of a procedural absurdity since the phrase "to the district court" read "to the bankruptcy court for the district where such civil action is pending." *See* former section 1478(a) of Title 28 of the United States Code. This change in language, which marks the only substantive change in the two provisions, was an attempt to comply with *Marathon Pipeline* by the removal of the offending term "bankruptcy court" rather than an attempt to foreclose removal from federal district court to the bankruptcy court.[6]

**B. The Necessity of Remand**

■ Notwithstanding my conclusion that removal of a proceeding pending in federal district court to bankruptcy court is procedurally proper, I am nevertheless convinced that sufficient equitable grounds exist to warrant a recommendation of remand. Pursuant to 28 U.S.C. § 1452(b) "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The Fifth Circuit has provided a list of such equitable grounds to guide interpretation of section 1452(b). *See, Browning v. Navarro*, 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984) (analyzing the predecessor of section 1452).

The first such ground is that considerable prejudice to the involuntarily removed parties will inevitably follow if this proceeding is not remanded. *Id.* The intent of counsel for Engra, Wilson and Ricketts is obvious. To avoid unfavorable rulings, especially in the state court lawsuit addressed earlier in this order, they seek to have this proceeding along with the companion state court proceedings heard before the district court or bankruptcy court for the Northern District of Texas. The

---

6. Bankruptcy Rule 9027 and the Advisory Committee Notes to the 1987 Amendments support the removal of a case pending in federal court to the bankruptcy court. Rule 9027(a)(1) states that "[a]n application for removal shall be filed with the clerk for the district and division within which is located the state or *federal court* where the civil action is pending. (Emphasis added). The Advisory Committee Notes to the 1987 Amendments states that [s]ection 1452 of Title 28, with certain exceptions provides for removal of claims or causes of action in civil actions pending in state or *federal court* when the claim or cause of action is within the jurisdiction conferred by 28 U.S.C. § 1334."

specter of impermissible forum shopping is raised, and as an inevitable consequence of seeking to supplant one forum over another prejudice to the involuntarily removed parties results. Such prejudice is exacerbated by the fact that the federal court lawsuit has pended before the district court for more than three years. The district court has conducted numerous proceedings, including several dispositive motions; the case is clearly ready for trial and only prejudicial delay will result if this proceeding is not remanded. Moreover, the proceeding was subject to a transfer of venue from the Northern District to the Southern District. Although the fact that one of the parties is a Chapter 7 debtor may present the changed circumstances necessary to a transfer of venue from the Southern District to the Northern District, that issue is properly left to the district judge.

The second equitable ground in support of my recommendation to remand is that the court from which the case was removed possesses the expertise to resolve issues turning on interpretation of federal non-bankruptcy law. *Id.* Although this equitable factor was couched in terms of the expertise of state court to resolve state law issues, by analogy this factor applies as well to remand of a proceeding from bankruptcy court to federal district court. The legal issues in this law suit present questions of federal securities laws which the federal district court is more experienced in handling. Furthermore, the removed proceeding is a noncore or related to proceeding presenting no issues of bankruptcy law. Since the federal court lawsuit is only a proceeding related to a case under Title 11, I am not empowered to enter a final determination. *See* 28 U.S.C. § 157(c)(1). Further consideration of any proposed decision I or a bankruptcy court for the Northern District would render would only add to an already lengthy delay and squander scarce judicial resources. Finally, all parties to the federal court law suit have demanded a jury trial. Although the question remains open in theory as to whether a bankruptcy court has the power to conduct a jury trial, the bankruptcy court for the Southern District is not presently handling jury trials.

## IV. CONCLUSION

Therefore, I recommend that the district court either mandatorily or permissibly abstain from the state court proceeding, styled *Gabel v. Engra,* and/or remand the proceeding to state court. In regard to the federal court proceeding, styled *Engra v. Gabel,* I recommend that the district court remand the proceeding to federal district court.