In re FERRETTI CONSTRUCTION, INC., Debtor.

FERRETTI CONSTRUCTION, INC., Plaintiff,

v.

ITALIMPLANTI OF AMERICA, INC., Defendant.

Bankruptcy No. 95–43415–H3–11.
Adversary No. 95-4330.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Oct. 10, 1995.

Percy L. "Wayne" Isgitt, Houston, TX, for Debtor.

James Donnel, Douglas G. Walter, Andrews and Kurth, L.L.P., Houston, TX, for Plaintiff.

Thomas J. Schank, Hunter & Schank Co., L.P.A., Toledo, OH, for Unions.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered the Motion of Italimplanti of America, Inc. for Determination of Non–Core Proceeding and for Abstention (Docket No. 6) ("Abstention Motion"), together with the responses, the briefs, the evidence, and the argument of counsel. The court heard the evidence on the Abstention Motion concurrently with the evidence on the Motion for Relief from Stay filed in the main bankruptcy case by Italimplanti of America, Inc. ("ITAM"). The following are the Findings of Fact and Conclusions of Law of the court. Separate Findings of Fact and Conclusions of Law will be entered with regard to the Motion for Relief from Stay, and separate conforming Judgments will be entered in connection with each set of Findings of Fact and Conclusions of Law. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Findings of Fact

1. Ferretti Construction, Inc. ("Debtor") filed a voluntary Chapter 11 petition on May 5, 1995. Debtor is a Texas corporation, and has its office in Houston, Texas.

2. Debtor's business consists of the construction of steel and refractory production plants using union labor in the United States (Joint Stipulation, Docket No. 36, at p. 2).

3. On October 13, 1994, ITAM entered into a contract with Debtor in which Debtor was to be a sub-subcontractor to ITAM to provide supervision, labor, materials, tools and equipment for installation of a furnace on the premises of Empire–Detroit Steel (the "Armco Property") in Mansfield, Ohio (the "Armco Project") (Joint Stipulation, Docket No. 36, at p. 2).

4. Franco Pallazuoli, Vice President of the Debtor, testified that ITAM made payments to Ferretti as work was completed on the project.

5. Debtor substantially completed the work on March 29, 1995 (Joint Stipulation, Docket No. 36, at p. 2).

6. After Debtor completed the work, Debtor requested payment of invoices by ITAM in the total amount of $1,421,492.39. ITAM has asserted claims against the Debtor in excess of Debtor's claims against ITAM, alleging labor inefficiencies and poor productivity of workers supervised by Debtor (Joint Stipulation, Docket No. 36, at p. 2–3).

7. Debtor filed the instant adversary proceeding seeking to obtain payment of its invoices. The complaint states a claim for breach of contract, and also asserts turnover remedies pursuant to 11 U.S.C. § 542.

8. Debtor employed, *inter alia*, the following unions to work on the Armco Project: Bricklayers, Ironworkers, Plumbers' and Steamfitters, and Boilermakers (Joint Stipulation, Docket No. 36, at p. 3).

9. On May 10, 1995, Debtor filed an Affidavit of Mechanics Lien against the Armco Property based on amounts Debtor claims are owed by ITAM on the Armco Project (Joint Stipulation, Docket No. 36, at p. 3).

10. Similar affidavits have been filed in Ohio by the labor unions employed by Debtor and other labor unions involved on the Armco Project (Joint Stipulation, Docket No. 36, at p. 2–3).

11. On August 2, 1995, Voest–Alpine Industries, Inc., the general contractor on the Armco Project, posted a bond with respect to the Mechanics' Lien filed against the Armco Property by Debtor (Joint Stipulation, Docket No. 36, at p. 4).

12. On August 4, 1995, Voest–Alpine filed an Application for Approval of Alternate Security with the Common Pleas Court of Richland County, Ohio. Hearing on the Application has been postponed pending this court's

**398**

ruling on the Motion for Relief From Stay (Joint Stipulation, Docket No. 36, at p. 4).

13. Pallazuoli testified regarding the Debtor's operations in Houston. He testified that Debtor administers the contracts on which it is operating from the Houston office.

14. Pallazuoli testified that the Houston office has one employee, other than Pallazuoli. The other employee administers contracts and manages the personnel employed on a particular project.

15. Pallazuoli testified that the Debtor has no operating contracts at this time. He testified that he has made bids on several contracts on behalf of the Debtor, but that Debtor's employment on any of the contracts is not certain.

### Conclusions of Law

1. The court is required to abstain from hearing a proceeding if the following elements are demonstrated:

a) a timely motion for abstention is filed;

b) the proceeding is based on a state law cause of action;

c) the proceeding is a non-core proceeding;

d) the proceeding could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334; and

e) another proceeding which can be timely adjudicated has been commenced in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

■ 2. Mandatory abstention does not apply in this instance. Another proceeding has not been commenced in a State forum of appropriate jurisdiction. Such a proceeding against the Debtor could not have been commenced without the movant first obtaining relief from the automatic stay.

3. The court may, in the interest of justice, or in the interest of comity with State courts or respect for State law, abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11. 28 U.S.C. § 1334(c)(1).

■ 4. The mere presence of state law issues is not a sufficient basis for permissive abstention. *In re Republic Reader's Service, Inc.*, 81 B.R. 422 (Bankr.S.D.Tex.1987).

■ 5. However, the presence of several of the factors enumerated as pertinent to mandatory abstention afford a strong basis for permissive abstention. *See, e.g., In re Engra, Inc.*, 86 B.R. 890 (Bankr.S.D.Tex. 1988).

■ 6. In the instant case, all of the factors enumerated in the statute requiring mandatory abstention are present except one. ITAM has shown its interest in going forward in state court, by filing its Motion for Relief from Stay. The issues faced by a state court would necessarily concern the validity and priority of the Mechanics' Liens asserted by Debtor and the labor unions against the Armco Property.

7. Other factors militating in favor of abstention include the fact that several of the labor union claimants are local labor unions which reside in Ohio, and the fact that Debtor has no ongoing contracts which it must administer from its Houston office.

8. The most compelling factor in favor of abstention is that what is presented to this court in the above captioned adversary proceeding as a turnover action is more properly characterized as a breach of contract action. The legal standards to be applied are those of Ohio contract and mechanics' lien law.

9. The court concludes that permissive abstention is appropriate as to this adversary proceeding.

Based on the foregoing, the court will enter a separate Judgment granting permissive abstention as to the above captioned adversary proceeding.