**Ezell THOMAS, et al. (as to all defendants), Plaintiffs,**

and

**Owens Corning (as to Tobacco Defendants only)**

v.

**R.J. REYNOLDS TOBACCO COMPANY, et al., Defendants.**

No. Civ.A. 5:00–CV–250WS.

United States District Court, S.D. Mississippi, Western Division.

Jan. 3, 2001.

☞47.1

Dennis C. Sweet, III, Langston, Sweet & Freese, P.A., Jackson, MS, F. Gerald Maples, Maples & Lomax, Pascagoula, MS, Robert A. Pritchard, Pritchard Law Firm, PLLC, Pascagoula, MS, T. Mark Sledge, Grenfell, Sledge & Stevens, Jackson, MS, for Estate of Ezell Thomas, Francis A. Boarman, Hanna Brister, Wallace Cunningham, James Edward Gainer, Ernestine H. Aulman, Thomas C. Keller, Gladys Kendrick, Laurilice Niolet, Lonnie A. Nix, Johnie Mae Owens, Dorothy R. Rawls, Cathy Miller, James C. Smith, Mattie Tait, Billy Kirby Smith B. Tate, Deborah Thompson, Booker T. Berry, James Robinson, Kirby Smith, Helen Banks, plaintiffs.

Richard L. Forman, Walter G. Watkins, Jr., Thomas W. Tardy, III, Thomas Gerry Bufkin, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Owens Corning, plaintiff.

Edward Blackmon, Jr, Blackmon & Blackmon Law Firm, Canton, MS, William F. Goodman, III, Michael W. Ulmer, Watkins & Eager, Jackson, MS, Wayne Dowdy, Wayne Dowdy, Attorney, Magnolia, MS, Richard M. Truly, Richard M. Truly, Attorney, Natchez, MS, for R.J. Reynolds Tobacco Company, defendant.

Andrea La'Verne Edney, Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Jackson, MS, Lonnie D. Bailey, James E. Upshaw, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, Mark C. Carroll, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, for British American Tobacco Co., Ltd., Brown & Williamson Tobacco Corp., Batus, Inc., American Brands, Inc., defendants.

James D. Shannon, James D. Shannon, Attorney, Hazlehurst, MS, Willie J. Perkins, Sr., Law Office of Willie J. Perkins, Sr., Greenwood, MS, Stuart G. Kruger, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, Walker W. Jones, III, Sheryl M. Bey, Tiffanee Nicole Wade, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Philip Morris, Inc., Philip Morris Companies, Inc., defendant.

Thomas A. Cook, Copeland, Cook, Taylor & Bush, Ridgeland, MS, for Liggett Group, Inc., Liggett & Myers, Inc., Brooke Group, Ltd., defendants.

Andrea La'Verne Edney, Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Jackson, MS, Lonnie D. Bailey, James E. Upshaw, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, William F. Riley, Riley & Callaway, Natchez, MS, Mark C. Carroll, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, Bryan H. Callaway, Riley & Callaway, Natchez, MS, for Lorillard Tobacco Company, defendant.

Jon Mark Weathers, Bryan, Nelson, Randolph and Weathers, Hattiesburg, MS, for Bat Industries, PLC, defendant.

Joseph R. Colingo, Colingo, Williams, Heidelberg, Steinberger & McElhaney, Pascagoula, MS, for RJR Nabisco, Inc., defendant.

Alexander A. Alston, Jr., Sheldon Givens Alston, Alston & Jones, Jackson, MS, for The Council for Tobacco Research—U.S.A. Inc., Tobacco Institute Research Committee, defendants.

Mark P. Caraway, James L. Robertson, Wise, Carter, Child & Caraway, Jackson, MS, for The Tobacco Institute, Inc., defendant.

Brooke Ferris, III, Ferris, Burson & Entrekin, PLLC, Laurel, MS, for Laurel Cigar & Tobacco Company, Corr Williams Tobacco Co., Jackson Cigar & Tobacco Company, Capitol Tobacco & Specialty Company, Inc., J.R. Supermarket, New Deal Supermarket, Inc., defendant.

Mark W. Garriga, Brooks R. Buchanan, Meade W. Mitchell, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Jeffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, Jackson, MS, for Amchem Products, Inc., Asbestos Claims Management Corporation, Armstrong World Industries, Inc., DANA Corporation, Flexitallic, Inc., T & N, PLC, GAF Corporation, Shook & Fletcher Insulation Co., Union Carbide Chemical Plastics Co., Inc., Turner & Newall, PLC, Union Carbide Chemical Plastics Co., Inc., United States Gypsum Company, defendant.

Thomas E. Vaughn, Allen, Vaughn, Cobb & Hood, Gulfport, MS, Mark W. Garriga, Brooks R. Buchanan, Meade W. Mitchell, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Jeffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, Jackson, MS, for A.P. Green Industries, Inc., defendant.

J. Price Coleman, Silas W. McCharen, Daniel, Coker, Horton & Bell, Jackson, MS, for Pittsburgh Corning Corporation, defendant.

Everett T. Sanders, Sanders Law Firm, Natchez, MS, for Westinghouse Electric Corporation, defendant.

Lawrence E. Hahn, Thomas D. McNeese, McNeese & Hahn, PLLC, Columbia, MS, for W.R. Grace & Company, defendant.

James E. Upshaw, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, William F. Riley, Riley & Callaway, Natchez, MS, Mark C. Carroll, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, Bryan H. Callaway, Riley & Callaway, Natchez, MS, for LOEWS Corporation, defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are the following motions: (1) plaintiff Owens Corning's motion to abstain and remand on the bases of mandatory abstention, discretionary abstention and/or equitable remand; (2) Tobacco defendants' motion for leave to submit a memorandum in opposition to Owens Corning's motion for abstention/equitable remand in excess of Uniform District Court Rule 7.2(E)[1] page limit; and (3) Owens Corning's motion for expedited hearing and ruling. Having considered the memoranda of authorities, together with attachments, submitted by the parties, this court is persuaded that the Tobacco defendants' motion for leave to submit a memorandum in excess of the local rule page limit is well taken and should be granted, that Owens Corning's motion to

---

1. Uniform District Court Rule 7.2(E) provides:

    Movant's original and rebuttal memoranda together shall not exceed a total of thirty-five pages, and respondent's memorandum shall not exceed thirty-five pages. Memoranda and other submissions required by paragraph (D), except as therein provided, are not to be filed with the Clerk's office.

remand should be granted for the reasons set out below, and that Owens Corning's motion for expedited hearing and ruling must be denied as moot.

## I. *FACTS AND PROCEDURAL HISTORY*

This case originally was filed in 1996 by a single plaintiff, Ezell Thomas, in the Circuit Court of Jefferson County, Mississippi. Thomas, an admitted lifelong smoker, filed his complaint against certain manufacturers and retailers of cigarettes and certain manufacturers of asbestos products, alleging that cigarette smoke and asbestos exposure in conjunction had acted synergistically to cause his lung disease, which later killed him.

Plaintiff Owens Corning, became a plaintiff in this action on October 9, 1998. Owens Corning is an asbestos manufacturer and, over the years, target of numerous asbestos-injury law-suits. Upon concluding that it has been resolving thousands of asbestos personal injury cases filed against it, when cigarettes were the true cause of the alleged injuries, Owens Corning asserted claims against five domestic cigarette manufacturers, and BAT Industries, the corporate parent of Brown & Williamson Tobacco Corporation (the Tobacco defendants). Owens Corning's claims against the Tobacco defendants, purely state law claims, alleges fraud, conspiracy to defraud, fraudulent concealment, misrepresentation, restitution, unjust enrichment, and state law antitrust claims. Joining in Owens Corning's amended complaint are twenty three (23) additional individual plaintiffs who also are asserting state law personal injury claims arising out of the alleged synergy between smoking and asbestos (the individual plaintiffs).

Prior to removal of this action to this court, the proceedings in state court were extensive. The parties filed several hundred pleadings. A number of depositions were taken. Numerous discovery disputes erupted. The state court appointed a special master to resolve the discovery disputes. As of the removal of this case, either the special master or the state circuit judge had conducted hearings in nineteen (19) separate court proceedings on issues ranging from discovery disputes to dispositive motions.

Also prior to the removal of this action, the state court had bifurcated the claims of Owens Corning from those of the individual plaintiffs. Owens Corning's claims were set for trial during the February 2001 term of court.

Owens Corning filed for protection under Title 11 of the United States Bankruptcy Court for the District of Delaware on October 5, 2000. That same day, the Tobacco defendants removed this action to this court, invoking this court's bankruptcy jurisdiction pursuant to Title 28 U.S.C. § 1334(b).[2] In response, Owens Corning has filed the instant motion for mandatory or discretionary abstention, and for remand.

## II. *ANALYSIS OF LAW*

### A. JURISDICTION

The instant case was removed to this court pursuant to Title 28 U.S.C. § 1452(a).[3] Bankruptcy jurisdiction is de-

---

**2.** Title 28 U.S.C. § 1334(b)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adju-

dicated, in a State forum of appropriate jurisdiction.

**3.** Title 28 U.S.C. § 1452(a) provides:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pend-

termined under Title 28 U.S.C. § 1334. This statute provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Title 28 U.S.C. § 1334.

■ The instant removed lawsuit falls within the embrace of 1334 if it is classified as one of the following: (1) a "case under title 11"; (2) a proceeding "arising under" title 11; (3) a proceeding "arising in" a case under title 11; or (4) a proceeding "related to" a case under title 11. *See Allen v. City Finance Co.*, 224 B.R. 347, 351 (S.D.Miss.1998). For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under," "arising in a case under," or "related to a case under" title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, this court must determine only whether a matter is at least "related to" the bankruptcy. *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987).

■ Generally, a proceeding is "related to" a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy.

*See id.* In addition, the Fifth Circuit has stated that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankrupt estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir.1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)).

■ This court finds that the removed action is "related to" the bankruptcy case because if a monetary judgment is rendered in favor of Owens Corning, this award would have the effect of increasing the property of the bankruptcy estate. Thus, this court concludes that it has subject matter jurisdiction over this case under Title 28 U.S.C. § 1334.

Having determined that this court has proper jurisdiction, the court next must determine whether it should abstain or remand.

## B. MANDATORY ABSTENTION

By virtue of § 1334(c)(2),[4] mandatory abstention is required in certain cases, including removed cases, involving state-law claims for which the sole basis of bankruptcy jurisdiction is "related to" jurisdiction. *See In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir.1999). "Under § 1334(c)(2), . . . courts must abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) 'if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.'" *In re Gober*, 100 F.3d 1195, 1206 (5th Cir.1996). Mandatory abstention applies only to non-core proceedings—

---

ing, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

4. Title 28 U.S.C. § 1334(c)(2) provides:
  Upon timely motion of a party in a proceeding based upon a State law claim or Stare law cause of action, related to a case under title 11 but not arising under title 11

or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." *Id.*

■ Put succinctly, the following conditions must exist for mandatory abstention to be invoked:

1. A motion has been timely filed requesting abstention;
2. The cause of action is essentially one that is premised on state law;
3. The proceeding is non-core or related to the bankruptcy case;
4. The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and
5. The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*In re McCray,* 209 B.R. 410, 414 (Bankr. N.D.Miss.1997).

The parties disagree as to whether the elements of mandatory abstention are here met.[5] While Owens Corning contends that the above-stated conditions for mandatory abstention are present here, the Tobacco defendants argue that Owens Corning cannot satisfy at least three of the six mandatory abstention requirements. According to the Tobacco defendants, this proceeding is a core proceeding under Title 28 U.S.C. § 157(b); this proceeding could have been brought in federal court absent bankruptcy jurisdiction; and this proceeding cannot be timely adjudicated in state court.

■ This court is not persuaded by the Tobacco defendants' argument; instead, this court finds that § 1334(c)(2) applies and that this court must abstain from hearing this lawsuit. In this court's eye,

all of the criteria for mandatory abstention have been met.

First, Owens Corning filed its motion for mandatory abstention four days after this action was removed. Clearly, the requirement of a timely mandatory abstention motion is satisfied.

Secondly, this suit is based on state law causes of action. Indeed, Owens Corning's amended complaint specifically disclaims any federal claims which Owens Corning may have against the Tobacco defendants. *See* Amended Complaint, at p. 14, ¶ 59.

■ Thirdly, the removed action is merely "related to" a bankruptcy case but did not arise in a bankruptcy case nor otherwise arise under title 11. This removed action simply is not a core proceeding, as defined under Title 28 U.S.C. § 157(b)(2).

The meaning of a core proceeding and its relation to the categories of "arising under" and "arising in" title 11 cases was aptly examined in *In re Wood,* 825 F.2d 90 (5th Cir.1987).

The meaning of core proceedings is illuminated also by the textual context in which it appears. Subsection 157(b)(1) vests full judicial power in bankruptcy courts over "core proceedings arising under title 11, or arising in a case under title 11." The prepositional qualifications of core proceedings are taken from two of the three categories of jurisdiction set forth in section 1334(b): proceedings "arising under" title 11, "arising in" title 11 cases, and "related to" title 11 cases. Although the purpose of this language in section 1334(b) is to define conjunctively the scope of jurisdiction, each category has a distinguishable meaning. These meanings become

---

5. Although the Ninth Circuit Court of Appeals has found that abstention does not apply to a removed case, *Security Farms v. International Brotherhood of Teamsters,* 124 F.3d 999, 1009–10 (9th Cir.1997), the Fifth Circuit has concluded otherwise: "[W]e note, only to reject out of hand, [the defendant's] assertion that statutory abstention does not apply to

cases removed to federal court on the basis of bankruptcy jurisdiction. 28 U.S.C. § 1452. There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise. We endorse the majority rule." *In re Southmark,* 163 F.3d at 929 (citations omitted).

relevant because section 157 apparently equates core proceedings with the categories of "arising under" and "arising in" proceedings.

Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. Apparently, the phrase was taken from 28 U.S.C. § 1331, conferring federal question jurisdiction in which it carries a similar and well-accepted meaning. The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any rights expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

As defined above, the phrases "arising under" and "arising in" are helpful indicators of the meaning of core proceedings. If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Id.* at 96–97.

The removed action is not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. This removed action was pending when Owens Corning filed its Chapter 11 case. It is simply a state action that, had there been no bankruptcy, could have, and would have, proceeded in state court. Thus, as stated earlier, the removed action is not a core proceeding. *See In re Wood* at 97; *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 771 (Bankr.N.D.Ill.1993); *Miller & Miller Auctioneers, Inc. v. Ritchie Brothers Auctioneers Inter.*, 211 B.R. 914, 920 (Bankr.W.D.Mo.1996).

The Tobacco defendants' argument to the contrary, that this proceeding is a core proceeding, argues only what the potential effect of a judgment here in favor of Owens Corning could be. For instance, the Tobacco defendants assert that the outcome of this litigation could have a direct bearing on Owens Corning's ability to pay debts under a Chapter 11 plan of reorganization. This court is convinced that the Tobacco defendants' argument only shows that this lawsuit may be related to the bankruptcy; the Tobacco defendants' argument fails to show more, that this lawsuit is a core proceeding.

■ Fourthly, the removed action is based primarily on rights asserted under Mississippi law. The Tobacco defendants argue that Owens Corning's antitrust claims, brought pursuant to Miss.Code Ann. §§ 75–21–1; 75–21–3; and 75–21–9, "could have been brought" in federal court absent bankruptcy jurisdiction since Mississippi antitrust statutes are patterned after the federal antitrust statutes. This argument has no merit.

First, the court notes that this case was not removed on the basis of federal question jurisdiction, Title 28 U.S.C. § 1331,[6] nor upon any other basis outside bankruptcy jurisdiction.

Secondly, this court is not persuaded that federal question jurisdiction even ex-

---

6. Title 28 U.S.C. § 1331 provides:
   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

ists. In *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.2000), the Fifth Circuit explained that in the absence of complete preemption, the plaintiff "remained the master of its complaint," *id.* at 784, and therefore, where the plaintiff "could have alleged a federal cause of action in its state petition, [but] did not," and instead "filed a complaint in state court alleging wholly state claims in a non-preempted field[,] [i]ts choice [was] entitled to respect and precluded removing the case to federal court...." The Tobacco defendants do not allege that the Mississippi antitrust statutes are completely preempted by federal law and this court is unaware of any such authority holding that position. Accordingly, this court concludes that federal subject matter jurisdiction does not here exist for any of the claims as they are presently pleaded.

Finally, this court is of the opinion that this removed action can be timely adjudicated in state court. This action was commenced years before Owens Corning filed its bankruptcy case. The pretrial proceedings in state court were extensive. Given the number of hearings held in state court, depositions taken, and testimony adduced, this court believes it would take longer to adjudicate this suit in this court than it would to adjudicate in state court. Thus, this court concludes that this suit "can be timely" adjudicated in state court.

As stated earlier, this court is persuaded that all of the requirements of § 1334(c)(2) have been met and that this court, pursuant to that authority, must abstain from hearing the removed action.

7. Title 28 U.S.C. § 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

8. Title 28 U.S.C. § 1452(b) provides:

## C. PERMISSIVE ABSTENTION AND EQUITABLE REMAND

■ As an alternative argument, Owens Corning has argued that this court should send this lawsuit back to state court based upon principles of permissive abstention and equitable remand. This court is impressed by Owens Corning's argument. Therefore, even though this court has determined that all of the requirements for mandatory abstention are present, this court is also of the opinion that principles of permissive abstention and equitable remand allow this court to return this case to state court.

This court has discretionary power under § 1334(c)(1) to abstain in the interest of justice, or in the interest of comity with state courts or respect for state law. Title 28 U.S.C. § 1334(c)(1).[7]

Section 1452(b) further provides that the court to which a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. Title 28 U.S.C. § 1452(b).[8]

Considerable overlap exists between the factors appropriate for abstention and those appropriate for remand. *See In re U.S. Brass, Corp.*, 173 B.R. 1000, 1005 (Bankr.E.D.Tex.1994). The Court in *Searcy v. Knostman*, 155 B.R. 699, 710 (S.D.Miss.1993), enumerated the following:

(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficulty or unsettled nature of the applicable law;

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

(4) presence of a related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

This court will only address the factors believed to be most relevant to the removed action.

To begin with, the claims at issue involve actions for fraud, conspiracy to defraud, fraudulent concealment, misrepresentation, restitution, unjust enrichment and antitrust claims—all controlled by state law. While these areas of law themselves may not be inherently complex, the massive scope of the Tobacco defendants' alleged fraud makes the application of the traditional state law claims somewhat novel. Moreover, the state court has done considerable work on the case. An enormous waste of judicial time and effort

would ensue were this court to retain this lawsuit. As discussed earlier, this court believes that the state court can achieve a more timely adjudication of the Suit than this court could. The removed action already has a trial date set for the February, 2001, court term. Further, the individual plaintiffs' claims in this action have no connection to the bankruptcy proceeding.

In sum, this court finds that the pivotal factors here support this court's application of permissive abstention and/or equitable remand. In their challenge to Owens Corning's motion for permissive abstention and/or equitable remand, the Tobacco defendants have argued that "Owens Corning has so poisoned the well in Jefferson County through a calculated and methodical strategy designed to curry favor for itself with Jefferson County residents—all of whom are potential jurors in this action that Owens Corning cannot satisfy the equitable remand requirements under 28 U.S.C. § 1452(b)." Specifically, the Tobacco defendants contend that Owens Corning has poured over Three Hundred Million Dollars in settlement cash into Jefferson County; that Owens Corning's settlement policy has favored residents of Jefferson County; that Owens Corning has agreed to establish a charitable trust for education scholarships for Jefferson County residents; and that these and other tactics have been designed simply to afford Owens Corning favorable publicity.

Whether true or not, these assertions do not undermine Owens Corning's motion here for permissive abstention and/or equitable remand. Any possible taint of the jury venire as a result Of the above alleged tactics would surely be explored by the state trial judge during voir dire. Further, the state trial judge, finding widespread taint, would have the option of changing the trial's venue.[9] See Miss.

9. Miss.Code Ann. § 11–11–51 states:

When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of

the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public

Code Ann. § 11–11–51; *Hickson v. State,* 707 So.2d 536 (Miss.1997). Therefore, this court is not persuaded by the Tobacco defendants' argument.

The Tobacco defendants also contend that this court should deny Owens' Corning's motion for permissive abstention and/or equitable remand because Owens Corning is guilty of forum shopping. The Tobacco defendants point out that Owens Corning first commenced its claims against the Tobacco defendants in the Circuit Court of Alameda County, California. Arguing that Owens Corning is losing this California case, the Tobacco defendants say that instead of returning this matter to the Mississippi state court, this court should deny Owens Corning's motion for permissive abstention and/or equitable remand, then dismiss this action and require Owens Corning to litigate the involved issues only in California, a ruling that would prevent duplicative litigation involving the Tobacco defendants.

This court is not persuaded by this argument. The issue here is whether this federal court should hold onto this lawsuit. Previously, this court has determined that mandatory abstention applies. Further, this court has determined that the principles of permissive abstention and/or equitable remand apply. Therefore, the Tobacco defendants' argument that this lawsuit should be dismissed in favor of an ongoing California state court lawsuit is a matter not before this court which has determined that it lacks jurisdiction here.

### III. *CONCLUSION*

Based on the foregoing discussion, this court hereby grants Owens Corning's mo-

tion for mandatory abstention, discretionary abstention and/or equitable remand. It is hereby,

**ORDERED AND ADJUDGED,** that the Tobacco Defendants' motion for leave to submit a memorandum in opposition to Owens Corning's motion for abstention/equitable remand in excess of the local rule page limit is granted. It is further,

**ORDERED AND ADJUDGED,** that Owens Corning's motion for abstention/equitable remand is granted. This court, therefore, remands this action to the Circuit Court of Jefferson County, Mississippi. It is further,

**ORDERED AND ADJUDGED,** that Owens Corning's motion for expedited hearing and ruling is denied as moot.

mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party. On reasonable notice in writing to the adverse party of the time and place of making the application, if made in vacation, the court, if in term time, or the judge in vacation, shall hear the parties and examine the evidence which either may adduce, and may award a change of venue to some convenient county where an impartial trial may be had, and, if practicable, in which the circuit court may next be held. If made in vacation, the order shall be indorsed on the petition and directed to the clerk, who shall file the same with the papers in the suit.