In the Matter of INTERCO INCORPORATED, et al., Debtors.

In re INTERCO INCORPORATED.

Harold WITTES, Movant,

v.

INTERCO INCORPORATED, Respondent.

Bankruptcy No. 91–40442–172.
Motion Letter Z–113.

United States Bankruptcy Court, E.D. Missouri, E.D.

April 13, 1992.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John C. Boyle and Carl J. Spector, St. Louis, Mo., for debtors-in-possession.

Joel A. Poole, Polsinelli, White, Vardeman & Shalton, Chesterfield, Mo. and Nancy Yale Stout, Palmer & Dodge, Boston, Mass., for movant.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This Order addresses Claimant's Motion for Transfer or, in the Alternative, for the Appointment of a Special Master (Motion Z–113) filed by Claimant Harold Wittes, in connection with Claim Objection No. 22.

### I. Background

On January 24, 1991, Interco, Incorporated ("Interco") and 30 affiliated entities filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. These cases are being jointly administered for procedural purposes only.

On June 27, 1991, Claimant Harold Wittes filed a proof of claim against Interco in the amount of $500,000.00 plus interest. Mr. Wittes' claim is based on Debtor's alleged wrongful termination of his employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and Massachusetts General Laws c. 151B. Mr. Wittes' allegations were first raised in his action against Debtor in the United States District Court for the District of Massachusetts, which has been stayed as result of the bankruptcy proceedings.

On October 29, 1991, Mr. Wittes filed a motion to modify the automatic stay of 11 U.S.C. § 362 so as to permit him to proceed with the litigation commenced in Massachusetts. This Court denied the motion on December 6, 1991.

On November 4, 1991, Debtor filed an objection to Mr. Wittes' claim. (Claim Objection No. 22). The preliminary hearing was held December 19, 1991. The trial on the claim objection is scheduled for April 14, 1992.

On December 9, 1991, Mr. Wittes filed a "Motion for Mandatory Withdrawal of All Proceedings Related to Proof of Claim Filed by Harold Wittes Pursuant to 28 U.S.C. § 157(d)" in the United States District Court for the Eastern District of Missouri. Simultaneously, Mr. Wittes filed with this Court a "Motion for Stay or, in the Alternative, for Continuance of Hearing," in which he requested this court to stay the hearing of Debtor's objection to his claim pending a decision by the District Court on the withdrawal of the reference motion. This Court denied the motion to stay on January 21, 1992, and subsequently the District Court denied the motion for withdrawal of the reference.

On March 24, 1992, Mr. Wittes filed this Motion in which he requests this Court to "transfer this proceeding to the United States Bankruptcy Court for the District of Massachusetts, or in the alternative, to appoint a special master located in the District of Massachusetts to make proposed findings of fact." Motion at 1.

### II. Authority Under 28 U.S.C. § 1412

Claimant requests transfer under 28 U.S.C. § 1412 which reads as follows:

A *district court* may transfer a case or proceeding under title 11 to a *district court* for another district, in the interest of justice or for the convenience of the parties. (emphasis added).

Read literally, Section 1412 would appear to reserve to the district court the authority to transfer proceedings.[1] However, Section 157(a) of title 28 provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title shall be re-

---

1. Section 1412 replaced 28 U.S.C. § 1475 which provided:

"A *bankruptcy court* may transfer a case under title or a proceeding arising under or

related to such a case to a *bankruptcy court* for another district, in the interest of justice and for the convenience of the parties." (emphasis added).

ferred to the bankruptcy judges for the district." The District Court for the Eastern District of Missouri has provided for the reference to the bankruptcy courts of all cases under title 11 and "all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 ..." Rule 29 of the Local District Court Rules for the Eastern District of Missouri.

This motion for change of venue is a civil proceeding arising in a case under title 11. Therefore, it is one of those matters over which this Court has jurisdiction. *See In Re Geauga Trenching Corp.*, 110 B.R. 638, 653 (Bankr.E.D.N.Y.1990) and *In Re Inland Shoe Mfg. Co., Inc.*, 90 B.R. 981, 983 (Bankr.E.D.Mo.1988). Further, a venue motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). *In re Inland*, 90 B.R. at 983. *See also In re Geauga Trenching*, 110 B.R. at 653 (stating, "Venue is not jurisdiction. Thus, a motion to change venue is not one of those motions that adjudicates a right that may be heard only by an Article III Judge.")[2]

III. Venue

 This Chapter 11 case is properly venued in the Eastern District of Missouri. *See* 28 U.S.C. § 1408. Debtor's objection to Mr. Wittes' claim is also properly venued here. 28 U.S.C. § 1409 and Bankruptcy Rule 5005(a). "The district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2d Cir.1990) (citations omitted).

This Court may transfer this proceeding to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "The party moving for change of venue bears the burden of proof and that burden must be carried by a preponderance of the evidence." *In re Manville*, 896 F.2d at 1391 (citations omitted).

When deciding a change of venue motion, bankruptcy courts consider a number of factors "[i]n an effort to balance the inevitable inconveniences and hardships which normally exist between the parties ..." *In re Inland*, 90 B.R. at 983. These factors may include:

(1) the proximity of creditors to the court;

(2) the proximity of the debtor to the court;

(3) the proximity of necessary witnesses;

(4) the location of assets;

(5) the economic administration of the estate;

(6) relative advantages and obstacles to a fair trial;

(7) economic harm to a debtor; and

(8) inability of a party to defend in the new forum.

*Id.* (citations omitted).

Debtor's corporate offices are located in the Eastern District of Missouri. Debtor is represented in these proceedings by its bankruptcy counsel, Bryan, Cave, McPheeters & McRoberts, also located in the Eastern District of Missouri.

Claimant resides in Massachusetts. Although Claimant has retained local counsel, his counsel in the underlying age discrimination suit is located in Massachusetts.

Debtor asserts that the majority of the documents needed for this trial are located in the Eastern District of Missouri. Claimant argues most of the documents are in Massachusetts. Similarly, Debtor contends it does not intend to call numerous live witnesses, but that the majority of those who will testify will be from the Eastern District of Missouri. Claimant asserts that his witnesses, including Claimant himself, reside in Massachusetts.

Clearly, one of the parties will encounter a degree of inconvenience, whether the claim objection is tried in the Eastern District of Missouri or in Massachusetts. Although Claimant's expenses would be reduced by a transfer of venue to Massachusetts, the expense to the bankruptcy estate would be increased. *See In re Thomson McKinnon Securities, Inc.*, 126 B.R. 833,

2. Neither Claimant nor the Debtor has questioned this Court's authority to decide the motion to change venue. However, pursuant to § 157(b)(3), it is incumbent upon the Court to decide whether the matter is a core proceeding.

836 (Bankr.S.D.N.Y.1991). However, "[a] mere shift of inconvenience from one party to another will not suffice for a § 1412 change of venue." *In re Geauga Trenching Corp.*, 110 B.R. at 654. The key consideration is the efficient and economic administration of the bankruptcy estate as a whole. *In re Manville*, 896 F.2d at 1391; *In re Thomson McKinnon Securities, Inc.*, 126 B.R. 833, 835 (Bankr.S.D.N.Y. 1991).

This claim objection is scheduled for trial on April 14, 1992. This court has set aside an entire day for this matter. If this matter were transferred to another bankruptcy court, it is very likely that transfer would result in a delay, possibly a long delay. It is very unlikely any other bankruptcy court would be able to set aside an entire day for this matter within the next several weeks or even months. A delay in the claims' objection process certainly would not facilitate the efficient administration of this bankruptcy estate.

This is a very large and complex bankruptcy case. This Court is very familiar with this bankruptcy case and is already familiar with this Claimant and this Claim Objection. In other words, this Court has developed a substantial "learning curve." *See In re Manville* at 1391. "[T]ime and effort spent by a court are appropriate factors in determining the venue in which the estate may most efficiently and economically be administered." *In re Vienna Park Properties*, 125 B.R. 84, 87 (S.D.N.Y. 1991).

It is not in the interest of justice nor will it serve the convenience of all the parties to transfer this claim objection to Massachusetts. It is in the best interests of the efficient and economic administration of this bankruptcy estate to proceed with this claim objection in the Eastern District of Missouri.

IV. Special Master

In the alternative, Claimant requests this Court to appoint a special master located in the District of Massachusetts to make proposed findings of fact. Bankruptcy Rule 9031 precludes the appoint-

ment of masters in cases and proceedings under the Bankruptcy Code.

IT IS ORDERED Claimant's Motion for Transfer is DENIED. Claimant's alternative request for the appointment of a special master is also DENIED.