Chad and Bobbi **FRELIN**, Joseph and Sheila Woodall, Cecil, Kevin and Dixie Abbott, John and Joetta Tatum, Terry and Deborah Burkholder, and Joseph Combs, On Behalf of Themselves and as Representatives of A Class of All Others Similarly Situated, Plaintiffs

v.

**OAKWOOD HOMES CORPORATION,** Oakwood Mobile Homes, Inc., Oakwood Acceptance Corporation, Schult Mobile Homes, American Bankers Insurance Group, Assurant Group, and John Does 1–50, Defendants

No. 4:02–AP–1363E.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

April 30, 2003.

Mr. Roger D. Rowe, Little Rock, AR, for Oakwood Homes Corp.

Mr. Byron Freeland, Little Rock, AR, for American Bankers Ins. Group.

Steven A. Owings, Gina M. Cothern, Ira M. Levee, Roseland, NJ, for Plaintiffs.

### ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND OF STATE COURT CIVIL ACTION AND FOR ABSTENTION AND DENYING DEFENDANTS' MOTION TO TRANSFER TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

AUDREY R. EVANS, Bankruptcy Judge.

On February 18, 2003, the Court heard the Defendants' Motion to Transfer to the

United States Bankruptcy Court for the District of Delaware and the Plaintiffs' Motion for Remand of State Court Civil Action and for Abstention. Roger D. Rowe appeared on behalf of Defendants Oakwood Homes Corporation, Oakwood Mobile Homes, Inc., Oakwood Acceptance Corporation, and Schult Mobile Homes (the **"Oakwood Defendants"** or **"Oakwood Debtors"**). Byron Freeland appeared on behalf of Defendants American Bankers Insurance Company of Florida, American Bankers Insurance Group, and Assurant Group (the **"American Bankers Defendants"**). Steven A. Owings and Gina M. Cothern appeared on behalf of the Plaintiffs. Ira M. Levee also appeared on behalf of the Plaintiffs via telephone. Following oral argument, the Court took the matter under advisement.

Upon consideration of the pleadings filed and oral argument at hearing as well as the briefs filed by counsel and applicable law, the Court makes the following findings of fact and conclusions of law in accordance with Rule 7052 (made applicable to contested matters by Rule 9014(c)).[1]

## PROCEDURAL BACKGROUND

Plaintiffs filed suit against the Oakwood Defendants and the American Bankers Defendants in the Circuit Court of Saline County, Arkansas on February 5, 2001 (the **"State Court Action"**). The Oakwood Defendants separately filed chapter 11 bankruptcies on November 15, 2002, in the United States Bankruptcy Court for the District of Delaware (the **"Delaware Bankruptcy Court"**). The separate chapter 11 cases have been consolidated for procedural purposes and are being jointly administered by the Delaware Bankruptcy Court as *In re Oakwood Homes Corp., et*

*al.*, Case No. 02–13396. On December 16, 2002, the Oakwood Defendants and American Bankers Defendants removed the State Court Action to the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas. The Oakwood Defendants and American Bankers Defendants moved to transfer the case to the United States Bankruptcy Court for the District of Delaware on December 17, 2002. Plaintiffs subsequently filed a Motion for Remand of State Court Civil Action and for Abstention on January 17, 2003.

## FACTUAL BACKGROUND

The following facts were alleged by Plaintiffs and/or Defendants in their pleadings and/or at oral argument, and as no objections were made contesting the validity of these facts, the Court accepts the facts as plead.

### The State Court Action

The State Court Action is a deceptive trade practice action brought on behalf of Plaintiffs individually and a class of similarly situated individuals. The Plaintiffs purchased mobile homes from the Oakwood Defendants who financed the transactions; Plaintiffs also obtained insurance coverage in connection with those transactions. The Plaintiffs allege that the Oakwood and American Bankers Defendants willfully engaged in a nationwide scheme to defraud individuals by placing false charges on statements which represented no value to customers, and by selling sham insurance products (including home owners' insurance and term credit life insurance) which were added to the principal amount of the Plaintiffs' loans. The State Court Action pled violations of Arkansas,

---

1. All references to rules in this order refer to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

North Carolina, and Florida's Unfair and Deceptive Trade Practices Acts and also alleged common law fraud under Arkansas, North Carolina and Florida law. Plaintiffs demanded a trial by jury. Similar lawsuits by other individuals have been filed against the Oakwood and American Bankers Defendants in Mississippi and North Carolina.

During the course of the State Court Action, the State Court decided certain class action issues. Specifically, class certification was granted as to those Plaintiffs who had one of the alleged false charges on a statement, but denied as to those Plaintiffs with only insurance-related claims. The State Court also decided that certain arbitration clauses were not binding. That decision is currently on appeal to the Arkansas Supreme Court; appellate briefs have been filed but no oral argument had been scheduled as of the date of hearing. Discovery in the State Court Action had commenced. The State Court granted a restraining order in favor of Plaintiffs preventing the Oakwood Defendants from destroying sales records and advertising materials maintained by sales locations in Arkansas that were being closed. Plaintiffs also filed a motion to compel discovery which was granted but before complying with that discovery order, the Oakwood Defendants filed bankruptcy in Delaware.

***The Oakwood Defendants' Bankruptcies***

The Oakwood Defendants separately filed chapter 11 bankruptcies on November 15, 2002, in the Delaware Bankruptcy Court. One of the three Oakwood Defendants is a Delaware Limited Liability Company with its principal place of business in North Carolina. The other Oakwood Defendants are incorporated in North Carolina and also have their principal places of business in North Carolina.

The American Bankers Defendants have filed a proof of claim in the Oakwood Defendants' bankruptcies for contractual and common law indemnification against the Oakwood Debtors for any liability resulting from the Plaintiffs' claims in state courts.

In the Oakwood Debtors' bankruptcy cases, the Oakwood Defendants have proposed certain alternative dispute resolution ("**ADR**") procedures to resolve claims against them, including the Plaintiffs' claims. On February 14, 2003, the Oakwood Debtors and American Bankers Defendants commenced an adversary proceeding in the Delaware Bankruptcy Court seeking an order extending the automatic stay to the American Bankers Defendants and enjoining the continued prosecution of the State Court Action. On March 27, 2003, the Delaware Bankruptcy Court held a hearing in this adversary proceeding and declined to extend the automatic stay to the American Bankers Defendants, but did extend the stay to any former or current employees of the Oakwood Defendants.[2] The Delaware Bankruptcy Court also indicated that the State Court Action could probably proceed once the Oakwood Debtors had a confirmed chapter 11 plan.[3]

---

**2.** The Court has reviewed the transcript from the March 27, 2003 hearing and takes judicial notice of the Delaware Bankruptcy Court's ruling. "Many circuit courts have held that federal courts have the authority to take judicial notice of proceedings in other courts, either within or without the federal system, provided those proceedings are directly related to the matters presently at issue." *See*

*Allegheny, Inc. v. Basic Packaging Systems, Inc. (In re Allegheny)*, 86 B.R. 466 (Bankr. W.D.Pa.1988) (citations omitted).

**3.** Specifically, the Delaware Bankruptcy Court stated, " ... if this case is on track for confirmation within the next 90 days, then it seems to me that in all probability any stay that exists, including the stay as to the debt-

## JURISDICTION

[redacted] The Court has jurisdiction over the removed State Court Action pursuant to 28 U.S.C. §§ 1452(a) and 1334(b). Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under 1334 of this title.

Because the State Court Action was originally filed in Saline County Circuit Court, and Saline County is within the Eastern District of Arkansas, the Bankruptcy Court for the Eastern District of Arkansas is the appropriate court to which this lawsuit should be removed provided this Court has jurisdiction under § 1334.[4] Rule 9027 governs the procedures for removing a state court proceeding to federal court, and establishes the deadline for such removal. There is no question that the notice of removal filed by the Oakwood Defendants and American Bankers Defendants was timely filed under Rule 9027. Regardless of whether the removed State Court Action is a core or non-core proceeding in bankruptcy under 28 U.S.C. § 157[5], the Court may enter final orders with respect to motions for abstention, remand and transfer. *See Christensen v. St. Paul Bank for Cooperatives (In re Fulda Independent Co-op),* 130 B.R. 967, 973 n. 5 (Bankr.D.Minn.1991) (explaining that the Judicial Improvements Act of 1990 amended §§ 1452(b) and 1334(c)(2) to remove prohibition on appeals to district court such that a bankruptcy judge may enter final orders with respect to remand and abstention, and that subsequent amendments to the Bankruptcy Rules provided for motions for remand and abstention to be governed by Rule 9014 as contested matters). *See also Brizzolara v. Fisher Pen Co.,* 158 B.R. 761, 767–769 (Bankr. N.D.Ill.1993) (holding that motions for abstention, remand and transfer are core proceedings under 28 U.S.C. § 157(b)(2)(A)).

### *Bankruptcy Jurisdiction Under § 1334*

[redacted] For removal to this Bankruptcy Court to be proper, this Court must have jurisdiction over the State Court Action under § 1334. Pursuant to § 1334, federal district courts, which include bankruptcy courts, have exclusive jurisdiction over all civil proceedings under title 11 (*i.e.,* the bankruptcy code), and original but not exclusive jurisdiction over all cases "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). A case "arises under" title 11 if a claim asserted is created by or based on a provision of the bankruptcy code. *See Na-*

ors, should probably, I won't say will be, should probably be lifted at that point." Transcript, page 34.

4. Filing the notice of removal in the Bankruptcy Court rather than the District Court is proper under Local Rule 83.1(c) of the United States District Court for the Eastern District of Arkansas which provides for referral of all cases and proceedings arising under, arising in, or related to bankruptcy cases, and requires that papers in those cases be filed with the Bankruptcy Clerk. *See also* 28 U.S.C. § 157(a); *Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773 n. 4 (8th Cir.1995).

5. While this Court may hear non-core proceedings, it must submit its proposed findings of fact and conclusions of law to the district court for review and entry of final order (unless all parties consent to the Court's entry of a final order in a non-core proceeding). *See* 28 U.S.C. § 157(c); Rule 9033; Local Rule 83.1(b) of the United States District Court for the Eastern District of Arkansas.

*tional City Bank v. Coopers and Lybrand,* 802 F.2d 990, 994 (8th Cir.1986). A case "arises in" a case under title 11 if it is not based on any right expressly created by the bankruptcy code but has no existence outside the bankruptcy case. *See In re Chambers,* 125 B.R. 788, 793 (Bankr. W.D.Mo.1991) *(citing In re Wood,* 825 F.2d 90, 97 (5th Cir.1987)). The Eighth Circuit Court of Appeals has set forth the following test for determining whether a case is "related to" a case under title 11:

> "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy * * *.* An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action * * * and which in any way impacts upon the handling and administration of the bankrupt estate."

*Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.),* 810 F.2d 782, 786 (8th Cir.1987) *(quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original)). *See also Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773–774 (8th Cir.1995).

■ The Defendants allege that this Court has jurisdiction under § 1334(b) because the State Court Action arises under title 11, or arises in or relates to a case under title 11.[6] Specifically, the Defendants contend that the basis of the State Court Action "ha[s] a direct and immediate effect and impact upon the Oakwood Debtors, the Chapter 11 cases, and the Oakwood Debtors' effort to reorganize." Be-

cause the State Court Action raising causes of action under state law was filed by Plaintiffs almost two years prior to the Oakwood Defendants' bankruptcy filings, the State Court Action clearly did not arise under title 11 or in the Oakwood Defendants' bankruptcy cases. Rather, this Court has "related to" jurisdiction over the State Court Action in that the outcome of the State Court Action may result in an additional liability of the Oakwood Defendants, and therefore impact their bankruptcy cases.

### Core vs. Non–Core Proceedings

■ Once the Court's jurisdiction is established, the Court determines whether a civil proceeding is categorized as either a core proceeding or a non-core proceeding. Core proceedings "arise under" or "arise in" a bankruptcy case; non-core proceedings are merely "related to" the bankruptcy case. 28 U.S.C. § 157(b)-(c). *See also Specialty Mills, Inc.,* 51 F.3d at 773–774. Plaintiffs maintain that the State Court Action is not a core proceeding because the lawsuit consists of state law causes of action that do not arise in or under the bankruptcy code. The Defendants contend that the proceeding is a core proceeding under § 157(b)(2)(B) (providing that core proceedings include "the allowance or disallowance of claims against the estate") and § 157(b)(2)(O) (providing that core proceedings include proceedings affecting "the adjustment of the debtor-creditor ... relationship") because the American Bankers Defendants have filed a proof of claim in the Oakwood Defendants' bankruptcy

**6.** The Defendants assert that no distinction should be made between the three types of bankruptcy jurisdiction, but that all lawsuits affecting the bankruptcy estate should be litigated in one forum, the bankruptcy court. In fact, a determination of which class of bankruptcy jurisdiction applies to the underlying case is essential because the type of jurisdiction impacts whether the case is a core or non-core proceeding under 28 U.S.C. § 157 which in turn impacts the analysis of abstention (both mandatory and discretionary) and remand.

case raising indemnification issues that may arise as a result of the State Court Action.

■ The Court finds that the State Court Action is a non-core proceeding in that it is only "related to" the Oakwood Defendants' bankruptcy cases. Furthermore, the Court finds that neither § 157(b)(2)(B) nor § 157(b)(2)(O) are sufficient to classify the State Court Action as a core proceeding. With respect to § 157(b)(2)(B), lawsuits filed in state court do not automatically become core proceedings in bankruptcy simply because a related proof of claim is filed in the bankruptcy case. While some courts hold that filing a proof of claim may indeed transform an otherwise unrelated pre-petition lawsuit into a core proceeding, those courts hold that such actions become core proceedings only if the proof of claim and State Court Action raise the same issues. *See Steinman v. Spencer (In re Arden Phoenix Group 1700)*, 206 B.R. 737, 747–748 (Bankr.E.D.Pa.1996) (citations omitted). Even if the Court were to unequivocally adopt *Steinman's* holding (which it declines to do at this time), the Defendants have failed to demonstrate that under the facts of this case, the proof of claim filed by the American Bankers Defendants transforms the State Court Action into a core proceeding. While the American Bankers Defendants have filed a proof of claim in the Oakwood Debtors' bankruptcy cases, neither the Plaintiffs nor the Defendants allege that the Plaintiffs have filed a proof of claim in the Oakwood Defendants' bankruptcy cases. Accordingly, this Court has no evidence that the exact issues raised in Plaintiffs' State Court complaint (*i.e.,* the Defendants' liability to Plaintiffs) are before the Delaware Bankruptcy Court for adjudication even though the Defendants' liability, if any, is relevant to the Oakwood Defendants' indemnification liability, if any. In other words, the Oakwood and American Bankers Defendants' potential liability to the Plaintiffs is not before the Delaware Bankruptcy Court, but rather, only the Oakwood Defendants' potential indemnification liability to the American Bankers Defendants is directly before the Delaware Bankruptcy Court at this time. Consequently, the proof of claim filed by the American Bankers Defendants does not transform the State Court Action filed by Plaintiffs into a core proceeding.

■ Moreover, the Defendants' argument that the State Court Action is a core proceeding under § 157(b)(2)(B) as a result of the indemnification claim filed by the American Bankers Defendants assumes that the same issues *must* be presented to the Delaware Bankruptcy Court for adjudication during the claims allowance process. This is not necessarily so. Rather, the claims allowance process is primarily a mechanism to determine if the holder of a claim is entitled to receive a distribution in the case. *See Miller & Miller Auctioneers, Inc. v. Ritchie Brothers Auctioneers International, L.P., et al. (In re Missouri Properties, Ltd.)*, 211 B.R. 914, 920 (Bankr.W.D.Mo.1996) ("The Bankruptcy Code sets forth specific procedures for creditors to file claims against an estate, for the estate to object to such claims, and for the Bankruptcy Court to determine whether such claims should be allowed, and if so, in what amount. Fed. R. Bankr.P. 3001–3008."). Where a debtor's liability has not yet been determined, it may be litigated in an objection to a creditor's proof of claim; however, the debtor's liability may also be determined by another court, in which case, the court's decision is generally given *res judicata* effect, and the creditor files a proof of claim for the judgment amount in the debtor's bankruptcy case. Accordingly, a

state court lawsuit against a debtor which may result in a finding that debtor is liable to another party is not a core proceeding under § 157(b)(2)(O) because it does not adjust a previously established debtor-creditor relationship, but determines whether such relationship exists at all. *See In re Missouri Properties, Ltd.,* 211 B.R. at 920.

### Jurisdiction to Decide Plaintiffs' Motion for Remand and Abstention

 Finally, the Defendants contend that this Court should not decide the Plaintiffs' motion to remand and abstain, but instead should transfer the case to the Delaware Bankruptcy Court to allow that court to decide whether it should hear the State Court Action or remand the case to State Court. In support of this argument, Defendants cite case law which holds that the bankruptcy court in which the bankruptcy is pending (usually referred to as the "home court") is in the best position to determine the issues underlying motions to abstain or remand. *See Nelson v. First Lenders Indemnity Company,* 1998 WL 378376 (N.D.Miss.1998); *Philadelphia Health Care Trust v. Tenet Health System Philadelphia, Inc. (In re Allegheny Health, Education and Research Foundation),* 1999 WL 1033566 (Bankr.E.D.Pa. 1999); *Thomas v. Lorch (In re Wedlo, Inc.),* 212 B.R. 678 (Bankr.M.D.Ala.1996); *Weniger v. Intermet Realty Partnership (In re Convent Guardian Corp.),* 75 B.R. 346 (Bankr.E.D.Pa.1987). The theory underlying this line of cases is often referred to as the "conduit" court theory because it treats the local bankruptcy court as a mere conduit with little role in determining where the removed lawsuit should be heard. Another line of case law holds that

the bankruptcy court to which the state court lawsuit is removed ("the local bankruptcy court") has jurisdiction to decide a pending motion to abstain or remand before determining whether venue is proper in the home bankruptcy court. *See Ni Fuel Company, Inc. v. Jackson,* 257 B.R. 600 (N.D.Okla.2000); *Lone Star Industries, Inc. v. Liberty Mutual Ins.,* 131 B.R. 269 (D.Del.1991); *Gabel v. Engra, Inc. (In re Engra, Inc.),* 86 B.R. 890 (S.D.Tex. 1988); *Maryland Casualty Company v. Aselco, Inc.,* 223 B.R. 217 (D.Kan.1998); *AG Industries, Inc. v. AK Steel Corp. (In re AG Industries, Inc.),* 279 B.R. 534 (Bankr.S.D.Ohio 2002). Unlike the conduit court theory cases, which provide little if any legal analysis to support transfer to the home court before deciding remand and abstention issues, this line of cases provide strong statutory and logical support for the proposition that the local bankruptcy court should decide *"whether any* bankruptcy court should hear a proceeding before it determines *which* bankruptcy court should hear it." *Lone Star Industries, Inc.,* 131 B.R. at 273 (emphasis in original) (citations omitted). In *Engra,* the Southern District of Texas pointed out that § 1334 does not limit jurisdiction over all bankruptcy matters to the district where the bankruptcy was filed. 86 B.R. at 893. "A careful reading of section 1334 demonstrates that Congress considered the situations in which the 'home court' should have exclusive jurisdiction and when such jurisdiction should be coextensive." *Id.* (comparing § 1334(a)-(b) providing jurisdiction to district courts in the plural, to § 1334(d) which provides only the district court in which a case is filed with exclusive jurisdiction over property of the estate and property of the debtor).[7]

---

7. The *Engra* court also notes that 28 U.S.C. § 1409 which governs proper venue for commencement of bankruptcy proceedings dictates that certain bankruptcy proceedings be filed in certain districts even if the bankruptcy

Likewise, § 1452 provides for removal to the district in which the removed civil action was pending rather than the district in which the bankruptcy case was filed, *and* provides that the court to which the civil action is removed may remand such cause of action on any equitable ground. *See id.; AG Industries,* 279 B.R. at 540. Additionally, following the conduit court theory, which results in an automatic transfer of the bankruptcy case, assumes that venue is proper in the home bankruptcy court and renders the change of venue statutes meaningless. *See Lone Star Industries,* 131 B.R. at 273. Moreover, the change of venue statute applicable to bankruptcy proceedings, 28 U.S.C. § 1412, clearly provides "that the transfer of a case from a local bankruptcy court to a home bankruptcy court is discretionary rather than mandatory or automatic." *AG Industries,* 279 B.R. at 540 *(citing Irwin v. Beloit Corporation (In re Harnischfeger Industries, Inc.),* 246 B.R. 421, 436, n. 42 (Bankr. N.D.Ala.2000)). Accordingly, not only does this Court have jurisdiction to decide the Plaintiffs' motion to remand and/or abstain, the Court should and will decide whether remand and/or abstention is required before determining whether venue is proper in Delaware.

## MANDATORY ABSTENTION

■ The Court begins its analysis with mandatory abstention under § 1334(c)(2) because neither this Court nor the Delaware Bankruptcy Court has jurisdiction to try the State Court Action if the six factors set forth in § 1334(c)(2) are present. *See Fitzgeralds Sugar Creek, Inc. v. Kansas City Station Corp. (In re Fitzgeralds Gaming Corp.),* 261 B.R. 1, 8 (Bankr. W.D.Mo.2001); *Girard v. Michener (In re Michener),* 217 B.R. 263, 267 (Bankr. D.Minn.1998); *Miller & Miller Auction-*

*eers, Inc. v. Ritchie Brothers Auctioneers International, L.P., et al., (In re Missouri Properties, Ltd.),* 211 B.R. 914, 919 (Bankr.W.D.Mo.1996). The Court notes that some courts have held otherwise. For instance, the Ninth Circuit has held that abstention does not apply to a removed case because there is no parallel proceeding in state court from which to abstain (because the proceeding has been removed to federal court). *See Security Farms v. International Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1010 (9th Cir.1997) ("To require a pendant state action as a condition of abstention eliminates any confusion with 28 U.S.C. § 1452(b), which provides district courts with the authority to remand civil actions properly removed to federal court, in situations where there is no parallel proceeding."). *See also Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 773–774 (10th Cir. BAP 1997) (listing cases holding that abstention can never apply to a removed case). This Court rejects the Ninth Circuit's position because it is not supported by the text of § 1334(c)(2) which does not require that an action be currently *pending* in State court, but only that an action have been *commenced* in State court that can timely be adjudicated there. Other courts agree. *See Thomas v. R.J. Reynolds Tobacco Co.,* 259 B.R. 571, 576 n. 5 (S.D.Miss.2001) *(citing In re Southmark Corp.,* 163 F.3d 925, 929 (5th Cir.1999)); *In re Midgard Corp.,* 204 B.R. at 774 (holding that abstention does apply to removed cases and listing cases that hold the same). *See also Fitzgeralds Sugar Creek, Inc.,* 261 B.R. at 8 ("The vast majority of courts, however, hold that mandatory abstention applies to cases that have been removed to federal court.") (citations omitted); *Technology Outsource Solutions, LLC v. ENI Technol-*

case itself is not pending those districts. 86 B.R. at 893.

*ogy, Inc.*, 2003 WL 252141, *3 (W.D.N.Y. 2003) ("The mandatory abstention statute, § 1334(c)(2), clearly states, 'if an action is commended [sic]' and not, 'if an action is pending.' The Court is persuaded by the reasoning in the majority of U.S. Courts of Appeals that have held that § 1334(c)(2) mandatory abstention *is* applicable in cases removed from state court.") (rejecting reasoning of *In re Adelphia Communications Corp.*, 285 B.R. 127 (Bankr. S.D.N.Y.2002) regarding application of mandatory abstention to removed proceedings) (other citations omitted).

### Legal Standard: § 1334(c)(2)

 Having determined that mandatory abstention applies to removed cases, the Court turns to the requirements of § 1334(c)(2). Pursuant to § 1334(c)(2), this Court must abstain from hearing the State Court Action if: (1) a timely motion is made; (2) the claim or cause of action is based upon state law; (3) the claim or cause of action is "related to" a bankruptcy case, but did not "arise in" or "arise under" the bankruptcy case; (4) such action could not have been commenced in federal court absent § 1334 jurisdiction; (5) such action is commenced in State Court; and (6) such action can be timely adjudicated in State Court. *See In re Titan Energy, Inc.*, 837 F.2d 325, 333 n. 14 (8th Cir.1988). The movant has the burden to prove that abstention is required under § 1334(c)(2). *See All American Laundry Service v. Ascher (In re Ascher)*, 128 B.R. 639, 644 (Bankr.N.D.Ill.1991).

### Parties' Arguments and Court's Findings

 Plaintiffs contend that all the elements for mandatory abstention under § 1334(c)(2) are present in this case. Defendants concede that the first two elements are met but contend that Plaintiffs have failed to prove that the other elements necessary for mandatory abstention are present in this case. The Court finds that Plaintiffs have proven that mandatory abstention is appropriate in this case. First, the Court has already determined that the proceeding is a non-core proceeding, and accordingly, will not address Defendants' arguments with respect to that element. Second, because the State Court Action has been commenced in State Court, that requirement has been met. Third, the Court finds that the action could be timely adjudicated in State Court. It has been pending there for two years, the State Court has already decided key issues such as class certification and the applicability of certain ADR agreements. Although the State Court's decision on the ADR agreements is currently pending before the Arkansas Supreme Court, this Court does not find that removing the lawsuit from the Arkansas' courts will result in more a timely decision. Appeals may be made from the Delaware Bankruptcy Court as well. Additionally, the State Court has considered and ruled upon at least two discovery motions in the State Court Action. In sum, progress is being made in the State Court whereas the Delaware Bankruptcy Court would be "starting over." Additionally, the Court was requested to and takes judicial notice of the caseload currently pending before Delaware's Bankruptcy Court.[8] Statistics cited by the National Conference of Bankruptcy Judges' Legislative Committee in connection with the Bankruptcy Judgeship Act of 2003 [9] report that the Delaware Bankrupt-

---

**8.** The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.

R.Evid. 201(b); Fed. R. Bankr.Pro. 9017 (incorporating Federal Rules of Evidence).

**9.** The Bankruptcy Judgeship Act of 2003, introduced as H.R. 1428, is a bill containing 36

cy Court has 13,537 weighted filings per judgeship. (Clearly, additional judges are needed in Delaware). In comparison, other Bankruptcy Courts that have been approved for additional judgeships only have between 1700 and 3200 weighted filings per judgeship. The Delaware Bankruptcy Court's high volume of cases does not indicate that it would be more able to timely adjudicate the State Court Action, especially where the State Court Action has already been pending in the Arkansas State Court for two years.

The remaining element for mandatory abstention under § 1334(c)(2) requires that there be no independent basis for federal jurisdiction outside of § 1334 (bankruptcy jurisdiction). Although Plaintiffs contend that neither federal question nor diversity jurisdiction exist, Defendants argue that diversity jurisdiction is in fact present such that there is an independent basis for federal jurisdiction of the State Court Action. For diversity jurisdiction to exist, there must be both diversity of citizenship and damages in excess of $75,000. 28 U.S.C. § 1332. Plaintiffs concede that none of the corporate Defendants are incorporated in Arkansas or have their principal place of business in Arkansas but allege that their damages are less than $75,000 per plaintiff (or in the case of married couples, $75,000 per couple). The Defendants argue that Plaintiffs' jurisdictional statement listing their damages as "less than $75,000" is not sufficient to destroy diversity jurisdiction. In support of this contention, Defendants cite *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir.1995), which holds that although the initial burden is on the removing party to show that federal jurisdiction exists, the face of the plaintiff's pleading will not control if made in bad faith. *De Aguilar* is primarily about what burden of proof the defendant must meet in order to

prove that the plaintiff's pleading as to amount in controversy is not made in good faith or is otherwise incorrect. The Fifth Circuit concluded, "[c]onsequently, the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1412. The Arkansas District Court has held that where no specific amount of damages is pled, the party asserting that federal jurisdiction exists has the burden to prove "to a legal certainty" that the amount in controversy is incorrect. *Williams v. Motel 6 Multipurpose, Inc.*, 120 F.Supp.2d 776, 781 (E.D.Ark.1998) (In class action suit where plaintiff pled damages of "less than $74,500 per person," the court held "[w]here, as here, a Complaint specifically states that total actual and punitive damages sought by the named plaintiff and each individual putative class member is under the requisite amount for federal diversity jurisdiction, the burden is on a removing defendant to prove 'to a legal certainty' that the amount in controversy exceeds the jurisdictional amount.") (citations omitted). The Defendants did not meet this burden, but rather alleged that pleading damages of "less than $75,000" is insufficient as a matter of law. Accordingly, the Court finds that federal diversity jurisdiction does not exist on the face of Plaintiffs' State Court Complaint, and therefore, all the requirements for mandatory abstention apply, and the State Court Action must be remanded to State Court.

## DISCRETIONARY ABSTENTION AND EQUITABLE REMAND

Although the Court has determined that mandatory abstention requires that the case be remanded to State Court, the

bankruptcy judgeship positions recently authorized by the Judicial Conference.

Court alternatively rules that discretionary abstention and equitable remand require that the case be remanded to State Court as well.

***Legal Standard: § 1334(c)(1)***

 Bankruptcy courts have discretion to abstain from hearing core or non-core proceedings under 28 U.S.C. § 1334(c)(1). That section provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to cases under title 11.

In addition to the general standards outlined in § 1334(c)(1), courts have developed a number of factors to aid in determining whether discretionary abstention under § 1334(c)(1) is appropriate. As stated by the Eighth Circuit's Bankruptcy Appellate Panel in *In re Williams*, these factors include:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted 'core' proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in

state court with enforcement left to the bankruptcy court,

(9) the burden [on] the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

256 B.R. 885 (2001) (citations omitted). Additionally, "[w]here most of the criteria that Congress established for mandatory abstention have been met, 'bankruptcy courts should give careful consideration [to] whether it would be appropriate to exercise their discretion to abstain under section 1334(c)(1).'" *Titan Energy, Inc.*, 837 F.2d at 333 n. 14 (*quoting In re Futura Indus., Inc.*, 69 B.R. 831, 834 (Bankr. E.D.Pa.1987)).

***Legal Standard: § 1452(b)***

 A bankruptcy court may also remand a removed action under 28 U.S.C. § 1452(b) on equitable grounds. Section 1452(b) provides, in part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

The analysis used to determine whether equitable remand is just under § 1452(b) is virtually identical to that used to determine whether discretionary abstention is merited under § 1334(c)(1). *See Baxter Healthcare Corporation v. Hemex Liquidation Trust*, 132 B.R. 863, 869 (N.D.Ill. 1991). In addition to the factors outlined above, the bankruptcy court should consider the following factors in ruling on a motion to remand under § 1452(b):

(1) whether remand serves principles of judicial economy;

(2) whether there is prejudice to unremoved parties;

(3) whether the remand lessens the possibilities of inconsistent results; and

(4) whether the court where the action originated has greater expertise.

See *Arkansas Department of Human Services Division of Medical Services v. Black & White Cab Company, Inc. (In re Black & White Cab Company, Inc.)*, 202 B.R. 977 (Bankr.E.D.Ark.1996) (*citing Baxter Healthcare Corporation*, 132 B.R. at 867–868).

### Plaintiffs' Arguments

In support of discretionary abstention and equitable remand, Plaintiffs argue that removal of the State Court Action would result in a waste of judicial resources in that the State Court Action involves state law, has been pending for over two years, and the State Court has decided numerous motions, including class certification and discovery issues. For the same reasons, Plaintiffs assert that the State Court has greater expertise than the Delaware Bankruptcy Court to decide the State Court Action. Plaintiffs also argue that removal would result in significant prejudice to them as the involuntarily removed parties because they are Arkansas residents and litigating the case in Delaware would result in significant expense, inconvenience and delay. Plaintiffs also assert that removal is inappropriate because no bankruptcy issues are involved. Finally, Plaintiffs argue that keeping the lawsuit in State Court will benefit the Debtors' bankruptcy estates in that the lawsuit should be decided more quickly that it would be in Delaware Bankruptcy Court.

### Defendants' Arguments

In their opposition to abstention and remand, the Defendants assert that principles of judicial economy and the potential effect on the Oakwood Debtors' bankruptcy estates require that the case be transferred to the Delaware Bankruptcy Court. Defendants also rely on the "strong congressional policy favoring a centralized adjudication of all matters relating to a bankruptcy case" in arguing that remanding the State Court Action to State Court will result in piecemeal litigation. The Defendants' argument focuses on the fact that the American Bankers Defendants have filed a proof of claim for any liability that may result from the State Court Action in the Oakwood Debtors' bankruptcy cases, and concludes that the same issues will be presented to the Delaware Bankruptcy Court for decision there. The Oakwood Defendants assert that if the automatic stay is not lifted as to them, but the Plaintiffs are allowed to proceed against the American Bankers Defendants, any judgment rendered against the American Bankers Defendants in the State Court may bind them as well when the American Bankers Defendants litigate their indemnification claim in Delaware Bankruptcy Court. In addition to the indemnification claim, the Defendants maintain that the State Court Action is closely tied to the Oakwood Debtors' bankruptcy in that the American Bankers Defendants have filed an adversary proceeding to have the automatic stay apply to them as the Oakwood Debtors' co-defendants in the State Court Action. The Defendants also contend that the Delaware Bankruptcy Court may be able to decide Plaintiffs' claims more quickly by adopting certain ADR procedures that the Debtors have proposed.

To further support their opposition to Plaintiffs' motion to remand or abstain, Defendants maintain that it is potential prejudice to involuntarily removed defendants that the Court should consider rather than prejudice to involuntarily removed plaintiffs. Because the Defendants consent to removal of the State Court Action,

Defendants assert that this factor does not support abstention or remand. Defendants further maintain that the predominance of state law as well as comity concerns do not weigh in favor of abstention or remand because bankruptcy judges routinely decide state law issues, and those presented by Plaintiffs in the State Court Action are not novel or complex and do not involve unsettled areas of state law. Defendants also point out that the Plaintiffs' have sued under North Carolina and Florida law as well as Arkansas law. Finally, Defendants contend that the presence of non-debtor co-defendants (*i.e.*, the American Bankers Defendants) does not warrant abstention or remand because the dispute is not strictly between non-debtor parties in that Plaintiffs' claims against American Bankers are "inextricably intertwined" with the Plaintiffs' claims against the Oakwood Defendants because the allegations against the American Bankers Defendants are premised upon actions taken by various employees of the Oakwood Defendants who were allegedly acting within the scope of their employment.

***Court's Findings***

■ The Court finds that nearly all the factors to be considered in connection with a motion for discretionary abstention and equitable remand weigh in favor of abstaining from and remanding the State Court Action back to State Court. A related proceeding has been commenced in State Court in which state law issues clearly predominate over bankruptcy issues (in fact, there are no bankruptcy issues in the State Court Action); there is no jurisdictional basis for the lawsuit in federal court other than § 1334; the State Court Action, while related to the main bankruptcy case, is not a core proceeding in bankruptcy; the state law claims may be decided in State Court with enforcement left to the bankruptcy court (see discussion above regarding determination

of liability versus liquidation of claims); the Plaintiffs have requested a jury trial; and remand lessens the possibility of inconsistent results, especially in light of the pending State Court appeal and prior rulings made by the State Court. Furthermore, as already set forth in this Order, the Delaware Bankruptcy Court's large caseload weighs in favor of allowing the State Court to decide the lawsuit in that it may be decided more quickly and lessen the burden on the Delaware Bankruptcy Court's docket. Additionally, although the Defendants argue otherwise, the presence of non-debtor parties in the State Court Action does not weigh in favor of either Plaintiffs or Defendants in this case as the Delaware Bankruptcy Court has already decided not to impose an automatic stay on the American Bankers Defendants, and has indicated that the automatic stay will probably be lifted with respect to the Oakwood Defendants once their chapter 11 plan is confirmed. In other words, the lawsuit may proceed in State Court regardless of the Debtors' bankruptcy filing, and accordingly, the fact that there are non-debtor defendants does not impact the Court's decision as to remand and abstention. Likewise, the Court finds that the difficult or unsettled nature of the applicable law and the originating court's expertise does not weigh in favor of either party in this case.

Having analyzed a number of the factors relevant to discretionary abstention and equitable remand, the Court turns to those factors most contested by the parties. The Defendants rely heavily on the potential effect that the State Court Action may have on the Oakwood Defendants' bankruptcy case and the American Bankers Defendants' indemnification claim. The Court has already addressed why this argument is unpersuasive. In sum, the debtor's liability may be determined by

another court (as can indemnification issues if raised there), and the claims allowance process in bankruptcy will simply determine how the claim is liquidated; the case need not be re-tried, and in fact, provided the Delaware Bankruptcy Court lifts the automatic stay with respect to the Oakwood Defendants, principles of *res judicata* will prevent the case from being relitigated in Delaware. Additionally, the Court agrees with Plaintiffs that the faster resolution of the case in Arkansas will have a positive impact on the administration of the Oakwood Defendants' bankruptcy cases. For the same reasons, the Court finds that remanding the case to State Court will best serve principles of judicial economy.[10] The Court has already determined that the American Bankers' claim does not transform the State Court Action into a core proceeding in the Oakwood Debtors' bankruptcy cases; for the same reasons, the same issues do not have to be decided by the Delaware Bankruptcy Court, and accordingly, it does not follow that it will serve judicial economy to have the Delaware Bankruptcy Court start over and try the State Court Action, especially where the State Court Action has been pending for over two years and substantial litigation has taken place.

The Court also finds that due to the Plaintiffs' presence in Arkansas and the amount of litigation that has taken place in the State Court Action, having the case heard in the Delaware Bankruptcy Court would undoubtedly amount to significant prejudice to Plaintiffs. The Court rejects the Defendants' assertions that the Court should only consider potential prejudice to involuntarily removed Defendants. The

argument is presented without rationale and support, and the Court is at a loss to supply one.

Finally, the Court finds that one factor weighs overwhelmingly in favor of Plaintiffs: the likelihood that the commencement of the proceeding involves forum shopping by one of the parties. The facts of this case reveal that the Defendants are clearly trying to remove the action to obtain more favorable rulings. The Defendants have lost on the issue of whether an ADR agreement is binding and that issue is pending on appeal; by attempting to have the case heard by the Delaware Bankruptcy Court, Defendants attempt to bypass the State Court's ruling on this issue and nullify the pending appeal before the Arkansas Supreme Court. The Defendants even argue that the case may be tried more quickly in Delaware because they have proposed ADR procedures to resolve disputes there. Clearly, the Defendants seek to have the dispute resolved by ADR by putting the lawsuit into a new forum.

In sum, application of the factors set forth in applicable case law to the facts of this case clearly show that both discretionary abstention and equitable remand dictate that the State Court Action be remanded to State Court. Moreover, even if the Plaintiffs had failed to prove every element required for mandatory abstention under § 1334(c)(2), most of those elements were undoubtedly met, and accordingly, discretionary abstention is appropriate under § 1334(c)(1). *See Titan Energy, Inc.,* 837 F.2d at 333 n. 14.

10. Both Plaintiffs and Defendants cite and discuss a number of cases as examples of removals being uneconomical or economical use of judicial resources. Because each of these cases can be factually distinguished in some way, the Court does not rely on those cases in its analysis and decision. Rather, the Court focuses on the facts before it and whether judicial economy is better served by remanding the case to State Court or allowing it to remain in bankruptcy court.

## VENUE

Given the Court's determination that mandatory and discretionary abstention as well as equitable remand are proper in this case, the Court need not decide the Motion to Transfer filed by the Defendants. However, as an alternative ruling, the Court concludes that regardless of the propriety of abstention and remand in this case, the District of Delaware is not the proper venue for this case.

### Legal Standard: § 1412

Transfer of an adversary proceeding in bankruptcy to another district is governed by 28 U.S.C. § 1412 and Bankruptcy Rule 7087 which provide:

A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.[11]

On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2).[12]

Fed. R. Bankr.Pro. 7087.

 The Court has discretion to grant or deny a motion to change venue. *See Alliant Health Mgmt. Services, Inc. v. Vital Link Private Duty Lodi, Inc. (In re Vital Link Lodi, Inc.)*, 240 B.R. 15, 19 (Bankr.W.D.Mo.1999) (*citing United States v. Phillips*, 433 F.2d 1364, 1368 (8th Cir.1970)). The party wishing to transfer venue has the burden to prove by a preponderance of the evidence that the proceeding should be transferred. *See id. (citing Wittes v. Interco, Inc. (In re Interco, Inc.)*, 139 B.R. 718, 720 (Bankr.E.D.Mo. 1992)). In ruling on motions to transfer venue, courts have considered various factors to determine whether a change in venue is in the "interest of justice" or the "convenience of the parties." The Defendants urge the Court to apply the factors listed in *In re Vital Link Lodi, Inc.*, 240 B.R. at 19 (citations omitted) which include: the proximity of the creditors to the other court; the proximity of the debtor to the other court; the proximity to the other court of witnesses necessary to the administration of the estate; the location of the debtor's assets; the economic administration of the bankruptcy estate; the relative advantages and obstacles to a fair trial; the economic harm to the debtor in changing venue; and the inability of a party to defend in the new forum. *In re Vital Link Lodi, Inc.* also emphasized the strong presumption in favor of transferring the case to the home court (*i.e.*, the bankruptcy court where the debtor's bankruptcy case is pending). Plaintiffs rely on the factors set forth in *A.B. Real Estate, Inc. v. Bru-*

---

**11.** Some courts hold that the general venue statute, 28 U.S.C. § 1404, applies to cases which are only "related to" a bankruptcy case as opposed to proceedings arising in or under a bankruptcy case. *See Searcy v. Knostman*, 155 B.R. 699, 706–707 (S.D.Miss.1993) (holding that "related to" proceedings are governed by general change of venue statute for all civil actions). However, due to the similarity between §§ 1404 and 1412, several courts have concluded that there is no reason to distinguish between the two statutes. *See e.g., Thomson McKinnon Securities, Inc. v. White (In re Thomson McKinnon Securities, Inc.)*, 126 B.R. 833, 834–35 (Bankr.S.D.N.Y.

1991) (*quoting In re Spillane*, 884 F.2d 642, 645 n. 6 (1st Cir.1989)). Because there is no substantive difference between the two, and for the additional reasons set forth in *A.B. Real Estate, Inc. v. Bruno's Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 322–323 (Bankr.N.D.Ala. 1998), this Court applies § 1412 to the transfer of proceedings pending in the bankruptcy court.

**12.** Rule 7019 implements Civil Rule of Procedure 19 regarding joinder of necessary parties with certain exceptions applicable to bankruptcy proceedings.

no's Inc. (In re Bruno's, Inc.), 227 B.R. 311, 324–25 (Bankr.N.D.Ala.1998). Having considered the factors set forth in both *In re Vital Link Lodi, Inc.* and *In re Bruno's, Inc.,* the Court concludes that the *In re Bruno's, Inc.* factors are more comprehensive and take into account the convenience of all parties rather than just the debtor's and parties to the debtor's bankruptcy case. Having reviewed those factors, this Court adopts the factors set forth by the Bankruptcy Court for the Northern District of Alabama in *In re Bruno's,* which are as follows:

*Factors Relevant to "Interest of Justice" Prong of § 1412:*

(1) economics of estate administration;

(2) presumption in favor of the "home court";

(3) judicial efficiency;

(4) ability to receive a fair trial;

(6) the state's interest in having local controversies decided within its borders, by those familiar with its laws;

(7) enforceability of any judgment rendered; and

(8) plaintiff's original choice of forum.

*Factors Relevant to "Convenience of Parties" Prong of § 1412:*

(1) Location of the plaintiff and defendant;

(2) Ease of access to necessary proof;

(3) Convenience of witnesses;

(4) Availability of subpoena power for the unwilling witnesses; and

(5) Expense related to obtaining witnesses.

*In re Bruno's, Inc.,* 227 B.R. at 324–25.

### Defendants' Arguments

In support of transfer to the Delaware Bankruptcy Court, Defendants rely heavily on the strong presumption in favor of the home court. Specifically, the Defen-

dants point out that the creditors holding the largest unsecured claims are not located in Arkansas, but in New York and Minnesota; the Oakwood Debtors' principal places of business are in North Carolina, and accordingly, their books, records and executives are closer to Delaware than Arkansas. Again, the Defendants argue that transferring the State Court Action to Delaware is essential to the efficient administration of the Oakwood Debtors' bankruptcy estates, asserting that waiting on resolution of the State Court Action in Arkansas would result in delay of the administration of the Oakwood Debtors' bankruptcy estates. The Defendants also argue that the Oakwood Debtors' willingness to transfer the case to Delaware as evidenced by their joinder to the American Bankers' motion to transfer means that transfer will be more efficient for the bankruptcy estates. Finally, without additional discussion, the Defendants assert that no prejudice will result from transfer because the State Court Action involves causes of action under North Carolina and Florida law as well as Arkansas law.

### Plaintiffs' Arguments

The Plaintiffs argue that transfer is not in the "interest of justice," and that the Defendants have failed to prove that the continuation of the State Court Action in Arkansas will impact the Oakwood Debtors' bankruptcies, delay the Oakwood Debtors' reorganization or result in higher litigation costs. On the other hand, Plaintiffs argue that they will incur substantial additional costs if the lawsuit is tried in Delaware due to increased travel costs and fees for local counsel. Plaintiffs also argue that the presumption in favor of transferring actions to the "home court" is not the only factor to be considered, and that Defendants must show that other reasons support a change in venue as well. With respect to judicial efficiency, the Plaintiffs

again assert that the State Court's familiarity with and administration over the State Court Action over the past two years make it the more efficient court to try the case. Plaintiffs also request that the Court take judicial notice of the Delaware Bankruptcy Court's caseload in connection with this factor. The Plaintiffs argue that their demand for a jury trial dictates that the action remain in Arkansas to allow Arkansas citizens to decide the case which arose in Arkansas and is being brought under Arkansas law. Plaintiffs contend that the location where a judgement is entered, if any, will not impact collection, but that they will file a proof of claim in the Oakwood Debtors' bankruptcy cases if they are allowed to proceed against the Oakwood Debtors in Arkansas Court (*i.e.,* if the automatic stay is lifted by the Delaware Bankruptcy Court). Finally, citing *In re Bruno's, Inc.,* the Plaintiffs argue that the Defendants have failed to meet their burden of proof to transfer venue under the interests of justice prong, and accordingly, the plaintiff's original choice of forum must be respected.

With respect to the "convenience of parties" prong, Plaintiffs argue that all the convenience factors outlined in *In re Bruno's, Inc.* weigh in favor of denying Defendants' motion to transfer. Specifically, the Plaintiffs point out that they are Arkansas residents as are the witnesses they intend to call, including some of Defendants' former employees who reside in Arkansas and cannot be compelled to testify in Delaware. Plaintiffs have no information about the witnesses that Defendants intend to call, but contend that since the Defendants' principal places of business are in North Carolina, they are not in Delaware and neither are their documents or other proof that may be subject to discovery. In sum, the Plaintiffs argue that transferring the case to Delaware will result in a hardship to Plaintiffs due to the additional expense, delay and ability to try their case there.[13]

### Court's Findings

The Court finds that it is neither in the interests of justice or convenience of the parties to transfer the State Court Action to the Delaware Bankruptcy Court. The Defendants did not offer proof with respect to these factors other than the following uncontroverted facts: the Defendants' principal places of business are in North Carolina; the Oakwood Debtors are in bankruptcy in Delaware; and the American Bankers Defendants have filed a proof of claim in the Oakwood Debtors' bankruptcy cases. The Court has already found that allowing the State Court Action to continue in Arkansas State Court should have a minimal effect on the Oakwood Debtors' bankruptcy cases in that once liability, if any, is determined by the State Court, the claim may be liquidated by the Delaware Bankruptcy Court in the normal course of the Oakwood Debtors' bankruptcy cases. Likewise, the Court has already held that judicial economy is better served by allowing the State Court Action to continue in Arkansas State Court. It will clearly be more inconvenient to Plaintiffs to try the case in Delaware than it will be for Defendants who have already been trying this case in Arkansas for two years notwithstanding the Defendants' uncontested proof that they are closer to Delaware geographically than Plaintiffs. Additionally, the Defendants' reliance on convenience to themselves, and the Oakwood Debtors in particular, while ignoring the convenience to the Plaintiffs, is not persuasive. Even if the Court were to apply *In re Vital Link Lodi, Inc.*'s proximity to creditors test, the only credi-

---

**13.** However, both parties admit that they can receive an impartial trial in either court.

tors relevant to removal of the State Court Action are the Plaintiffs and the American Bankers, not the Oakwood Debtors' forty largest unsecured creditors. "Furthermore, where the movant only shows that inconvenience will merely be shifted from one party to another, the court should deny the change of venue motion." *In re Bruno's, Inc.*, 227 B.R. at 325 (citations omitted). For these reasons, the Defendants have failed to prove any basis for a change in venue other than the presumption in favor of the home court, and accordingly, the Plaintiffs' original choice of forum must be respected such that the Defendants' Motion to Transfer is denied.

### CONCLUSION

The Court concludes that it is compelled to remand the State Court Action to Arkansas State Court under principles of mandatory abstention, discretionary abstention and equitable remand. Additionally, even if the Court were not to abstain and remand, the Defendants have failed to show that a change in venue to the Delaware Bankruptcy Court is appropriate in this case. For these reasons, it is hereby

**ORDERED** that the Plaintiffs' Motion for Remand of State Court Civil Action and for Abstention is **GRANTED**, and this cause is hereby **REMANDED** to the Saline County Circuit Court; it is further

**ORDERED** that the Defendants' Motion to Transfer to the United States Bankruptcy Court for the District of Delaware is **DENIED**.